**In re Gary D. CASE and Joyce D. Case, Debtors.**

**Bankruptcy No. 581–00098.**

United States Bankruptcy Court, D. South Dakota.

Feb. 24, 1983.

John M. Fousek, Rapid City, S.D., for debtors.

Robert W. Gunderson, Rapid City, S.D., and Robert A. Warder, Hill City, S.D., for creditor.

## MEMORANDUM DECISION AND ORDER

PEDER K. ECKER, Bankruptcy Judge.

The debtors filed a motion to dismiss their Chapter 13 bankruptcy petition with preservation of all orders entered during the bankruptcy case. The motion came on for hearing before the undersigned Bankruptcy Judge on April 29, 1982. The Court having heard the arguments of counsel and ordering briefs by counsel, and such briefs having been filed, and being fully informed and advised, finds as follows:

On August 17, 1981, the debtors filed a voluntary petition and plan under Chapter 13 of the Bankruptcy Code thereby activat-ing the automatic stay of state court proceedings against the debtors.

On October 16, 1981, the debtors filed objections to the allowance of the claims of General Growth Management Corporation ("General Growth") and Kayser-Roth Intimate Apparel Company ("Kayser-Roth"). On November 6, 1981, the Court entered an order approving the settlement between the debtors and Kayser-Roth and dismissing the debtors' objection. After notice and hearing, the Court sustained the debtors' objection and disallowed the proof of claim of General Growth by order of November 13, 1981.

On November 12, 1981, the debtors filed an objection to the allowance of the claim of Bette's, Inc. ("Bette's"). At a hearing to consider the debtors' objection, Bette's rested on a written statement of alleged facts and its argument that the two state court lawsuits, which were stayed by virtue of the debtors' filing a Chapter 13 petition, would resolve all liability between Bette's, General Growth, and the debtors. Bette's did not act to remove the state court actions to this Court nor did Bette's bring on a complaint for relief from the automatic stay in order to proceed in state court. Bette's did not present any evidence upon which this Court could estimate the amount of their claim pursuant to Section 502(c) of the Bankruptcy Code.

At the hearing on the objection, the debtors went forward and adduced sufficient evidence to rebut Bette's prima facie case established by filing the proof of claim. Bette's did not then proceed to prove that the claim was appropriate for purposes of sharing in the distribution of the debtors' assets. By order of February 4, 1982, the Court sustained the debtors' objection and disallowed Bette's proof of claim.

On April 15, 1982, the debtors moved to dismiss their Chapter 13 petition "with the proviso that all Orders entered by this Bankruptcy Court during these proceedings are to remain in effect" under 11 U.S.C. § 349(b). At the hearing on the motion to dismiss on April 29, 1982, Bette's appeared to object, not to the dismissal, but to dis-

missal preserving the orders of the Bankruptcy Court.

At the time the motion to dismiss was filed, this Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. § 1471.

The debtors have an absolute right to request and obtain a dismissal of a Chapter 13 petition. 11 U.S.C. § 1307(b). This absolute right does not extend to dismissal with all orders remaining in effect. The only orders entered by this Court during the pendency of this bankruptcy proceeding, other than orders of continuance, concern the settlement or disallowance of proofs of claim. Therefore, the issue before the Court is whether a bankruptcy court has the authority to preserve orders disallowing proofs of claim notwithstanding the dismissal of the voluntary Chapter 13 bankruptcy proceeding.

Section 349 of the Bankruptcy Reform Act of 1978 (the "Bankruptcy Code") governs the effect of the dismissal of a bankruptcy case. 11 U.S.C. § 349 (1979). Subsection (b) of Section 349 revests property of the estate where vested prior to the bankruptcy case and provides a laundry list of liens, orders, judgments, and transfers reinstated or vacated, as appropriate, by the dismissal of the case unless the court, for cause, orders otherwise. Section 349(b) does not specify that an order disallowing a claim under Section 502(b) is an order that is vacated unless preserved by the court for cause.[1] The legislative history reflects a clear Congressional intent that the dismissal of a bankruptcy case serves to undo the case as far as practicable. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 48 (1978), U.S.Code & Admin.News 1978, p. 5787. However, Congress recognized the equitable powers of the bankruptcy court and tempered its dictate to undo the dismissed bankruptcy case by providing that where there is a question on the scope of Section 349(b), the court could protect rights acquired in reliance on the bankruptcy case. *Id.*

The debtors argue that their rights obtained in reliance upon the orders disallowing the creditors' claims during the administration of the Chapter 13 case justify this Court's exercising its discretion to preserve such orders upon dismissal of the case. State court lawsuits brought on by the creditors forced the debtors into filing a Chapter 13 petition. Because these creditors' claims have been disallowed during administration of the case, the debtors argue that Congress intended them a fresh start and did not contemplate the debtors should again defend the question of liability in state court after dismissal of the bankruptcy proceedings.

The debtor is granted a fresh start after bankruptcy, leaving liability for as few obligations as possible. *See Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). However, the fresh start begins with a discharge and not dismissal. After completion of a plan, Chapter 13 debtors receive a discharge of debts provided under the plan or disallowed under Section 502. 11 U.S.C. § 1328(a). A hardship discharge may be granted without completion of the plan with all unsecured debts provided by the plan or disallowed under Section 502 discharged. 11 U.S.C. § 1328(b) and (c).

After the discharge and administration of the estate, the case is closed. *See* 11 U.S.C. § 350. The closing of the case terminates the right of any party in interest to petition the court for reconsideration of orders al-

---

1. The particular dispositions made by a bankruptcy court during the pendency of the bankruptcy case which are subject to Section 349(b) are clearly set forth. Section 349(b) provides that the dismissal of a case reinstates any proceeding or custodianship superseded under § 543. Such dismissal reinstates transfers that were avoided pursuant to 11 U.S.C. §§ 522, 544, 547, 548, 549, or 724(a) or preserved under 11 U.S.C. §§ 510(c)(2), 522(i)(2), or 551. Under Section 349(b), dismissal also reinstates any lien avoided under 11 U.S.C. § 506(d) and serves to vacate any order, judgment, or transfer ordered pursuant to 11 U.S.C. §§ 522(i)(1), 542, 550, or 553.

lowing a claim. 11 U.S.C. § 502(j).[2] Until the case is closed, the bankruptcy court has exclusive jurisdiction over the res or property of the estate; and, the allowance of a claim permits the creditor to share in the estate as administered by the court. 3 *Collier on Bankruptcy,* 15th ed., ¶ 502.02, p. 502–26 (1982). When determining the allowance of a claim, the court is defining and applying federal, and not state, law. *Heiser v. Woodruff,* 327 U.S. 726, 732, 66 S.Ct. 853, 855, 90 L.Ed. 970 (1946). Because the disallowance of claims is a matter of bankruptcy law, whether the claims could have been asserted against the debtor's property, absent bankruptcy, is beside the point. *See In re Bus Stop, Inc.,* 3 B.R. 26, 1 C.B.C.2d 828 (Bkrtcy.S.D.Fla.1980).

After an objection to a claim has been filed, the court determines the allowability of that claim under 11 U.S.C. § 502(b). Under Rule 306(c) of the Rules of Bankruptcy Procedure, the objection to allowance of a claim for the purpose of distribution does not become an adversary proceeding unless the objection is joined by a demand for relief of the kind specified in Rule 701.[3] Therefore, Rule 914 governs contested matters such as the objections made by the debtors in the instant case where there were no demands for relief of an adversary nature joined with the objections. The resultant orders disallowing claims do not become final until the case is closed because, under Section 502(j), the claims could be reconsidered until the case is closed. Conversely, the judgment from an adversary proceeding is final under Rule 803 unless a notice of appeal is filed within ten days of the entry of the judgment appealed from.

■ Section 349(b) applies to adversary proceedings where the judgment has be-

come final in a bankruptcy proceeding and reasonable reliance on that proceeding works to the detriment of the persons relying on it when the bankruptcy case is dismissed. A case on point is that of *In re Professional Success Seminars International, Inc.,* 22 B.R. 554 (Bkrtcy.S.D.Fla.1982). The Florida Bankruptcy Court, the Honorable Judge Thomas C. Britton, held that in the interest of justice, a final judgment avoiding a preference was preserved notwithstanding dismissal of a corporation's voluntary Chapter 7 petition, which had not been authorized by the directors, where the preference would be beyond the reach of the trustee and the two judgment creditors who would have filed an involuntary proceeding against the corporate debtor if a voluntary proceeding had not been filed. The creditors filed an involuntary petition after the dismissal of the voluntary proceedings but would have been unable to avoid the preference which occurred more than ninety days before the institution of the involuntary proceedings. Judge Britton held that the reliance by the creditors on the voluntary petition was entirely reasonable. *Id.* at 556.

■ For the foregoing reasons, it is the decision of this Court that the debtors' motion to dismiss their petition with all orders entered during the bankruptcy proceeding to remain in place is denied. Congress did not envision a fresh start for debtors that do not proceed to discharge. A bankruptcy proceeding provides a safe harbor for debtors whose economic life is in such peril that without the lifeline of a discharge in bankruptcy, they would drown in debt and would never again become economically productive. This Court is not persuaded that the interests of justice would be served

---

**2.** Though not explicitly provided under Section 502(j), reconsideration of an order disallowing a claim may also be granted according to the general equity powers of the court. *See, e.g. Matter of Cury,* 34 F.Supp. 526 (W.D.Va.1940).

**3.** Rule 701 provides:

The rules of this Part VII govern any proceeding instituted by a party before a bankruptcy judge to (1) recover money or property, other than a proceeding under Rule 220 or Rule

604, (2) determine the validity, priority, or extent of a lien or other interest in property, (3) sell property free of a lien or other interest in property for which the holder can be compelled to take a money satisfaction, (4) object to or revoke a discharge, (5) obtain an injunction, (6) obtain relief from a stay as provided in Rule 401 or 601, or (7) determine the dischargeability of a debt. Such proceeding shall be known as an adversary proceeding.

by insulating debtors from claims of liability under state law after the debtors voluntarily withdraw from the jurisdiction of this Court without proceeding to discharge.

The debtors may move to dismiss without any provision for orders remaining in place or may timely prosecute their Chapter 13 proceeding.

NOW, THEREFORE, IT IS HEREBY ORDERED .

That the debtors' motion to dismiss their Chapter 13 petition "with the proviso that all Orders entered by this Bankruptcy Court during these proceedings are to remain in effect" be, and the same hereby is, denied.