631 A.2d 517

Woodrow **WILLIAMS**, et al.

v.

James C. **STEWART**, Personal Representative
of the Estate of Johanna Stewart.

No. 109, Sept. Term, 1993.

Court of Special Appeals of Maryland.

Oct. 5, 1993.

Certiorari Denied Dec. 17, 1993.

Charles V. Kirchman, Eric H. Kirchman, Wheaton, for appellants.

Thomas A. McManus (Sasscer, Clagett and Bucher on the brief), Upper Marlboro, for appellee.

Argued before WILNER, C.J., and MOYLAN and FISCHER, JJ.

WILNER, Chief Judge.

The issue before us is whether the Circuit Court for Prince George's County erred in reinstating a judgment against appellants. The argument is that the court was precluded by the doctrine of *res judicata* from taking such action. We find no merit in appellants' assertion.

### Procedural History And Underlying Facts

In September, 1985, Johanna Stewart filed suit in the Circuit Court for Prince George's County against appellants, Woodrow and Geraldine Williams, for $28,900 plus interest. The claim was based on appellants' failure to repay certain loans made to them by Ms. Stewart.

On February 13, 1987, after appellants failed to appear at trial, the court entered judgment in favor of Ms. Stewart in the amount of $27,900 plus interest. The judgment reflected a credit of $1,000, which Ms. Stewart acknowledged had been paid on the indebtedness. A week later, Mr. Williams filed with the court a Suggestion of Bankruptcy, informing the court that, on January 12, 1987, he had filed a single bankruptcy petition in the U.S. Bankruptcy Court for the District of Maryland and that, by virtue of 11 U.S.C. § 362, all proceedings against him were automatically stayed thereafter. Attached to the Suggestion was a copy of his bankruptcy petition, filed under Chapter 13 of the Bankruptcy Code. For whatever reason, Mr. Williams had not included Ms. Stewart in his list of creditors. On March 11, both appellants noted an appeal from the judgment, alleging in their notice of appeal

that, under 11 U.S.C. § 1301, an automatic stay was in effect with respect to both of them.[1]

The problem was eventually brought to the attention of the judge who had entered the judgment, and, on April 13, 1987, he entered an order striking the judgment as a nullity and confirming a voluntary dismissal of appellants' appeal. It is clear that his action was based solely on the jurisdictional impediment arising from the automatic stay imposed by reason of the bankruptcy filing.

A week later, on April 20, Mrs. Williams filed for bankruptcy under Chapter 11 of the Bankruptcy Code, following which her husband's case was converted to a Chapter 11 filing as well, and the two cases were consolidated in the Bankruptcy Court. In May, 1987, appellants filed with the circuit court a Notice of Reorganization Case, informing the court of Mrs. Williams's petition in bankruptcy and the consolidation of the two petitions, representing that the debt upon which Ms. Stewart's action was based "has been or will be duly scheduled in [the bankruptcy] proceedings," and asserting that a discharge would constitute a complete release of further obligation of appellants to Ms. Stewart.

Ms. Stewart filed a claim in the bankruptcy proceeding, to which appellants filed an objection. After a hearing on that objection, which appellants did not attend, the Bankruptcy Court allowed the claim in the amount of $35,932 ($27,900 plus interest). Appellants then sought reconsideration, complaining that they had not been notified of the hearing on the claim. At a subsequent hearing, which Ms. Stewart did not attend, Mrs. Williams acknowledged borrowing only $6,000 from Ms. Stewart but contended that the loan had been repaid, relying on the same evidence that had been before the Circuit Court for Prince George's County. She also pointed out to the

---

1. Although § 362 of the Bankruptcy Code ordinarily stays only proceedings against the debtor, § 1301 stays proceedings to collect a consumer debt from a co-debtor. A § 1301 stay ends when the case is closed, dismissed, or converted to a case under Chapter 7 or 11 of the Bankruptcy Code.

Bankruptcy judge that the circuit court judgment had been stricken. In that regard, this colloquy occurred:

"THE COURT: That order got entered after a trial or what?

THE WITNESS: No, there wasn't any hearing or any trial. We had an attorney as far as I know he went up there, something happened and they got—the other side, Johanna Stewart's attorney was able to get the order signed.

Then we had an attorney who went up there and argued in front of Judge Blackwell why it should be stricken and then Judge Blackwell signed the dismissal.

THE COURT: The second order. They can't even add, you know. They have things attached that add up to $28,900 and they only entered a judgement for $27,900.

Then attached to your motion to reconsider, which is Docket No. 152 is a copy of an order dated April 10, 1987 which you're saying strikes that February 13 order. The signatures are the same and the case number is the same, CAL85–13693 in the Circuit court for Prince George's County.

Now, after the order to strike the judgement and to dismiss the appeal that was entered on April 10, 1987 what happened in the Circuit case after that, anything?

THE WITNESS: Nothing. Nobody did anything.

THE COURT: All right. Is there anything else you want to say on that?

THE WITNESS: No.

THE COURT: Thank you. You may sit down.

(The witness was excused.)

THE COURT: I do not know. While this order attached to your motion is a xerox copy it contains all of the stamps so that I have no reason to doubt its authenticity and it certainly does strike the order on which the proof of claim is based and I'm bound by the rulings in Prince George's County as to the validity of the claim.

Consequently, I will grant your motion to reconsider and I will deny or sustain your objection to the proof of claim. I am at a loss as to how a party could continue to maintain the validity of the claim in the face of a judgement that struck it but that seems to be what happened and there's no—out of choice, there's no one here to dispute that so we start on that basis."

Nothing more transpired with respect to the claim during the bankruptcy proceedings. The bankruptcy case ended on October 10, 1991, when the Bankruptcy Court entered an order dismissing the petitions and lifting the automatic stays. We are told by appellants that the dismissal was due to their failure to file an acceptable disclosure statement and plan of reorganization.

On March 9, 1992, Ms. Stewart filed a motion in the circuit court seeking reinstatement of her judgment. She pointed out that the initial judgment had been stricken because of Mr. Williams's bankruptcy, that the bankruptcy cases had been terminated without the debt being discharged, and, therefore, that the automatic stay had also terminated. Appellants responded initially with an answer in which they alleged that the Bankruptcy Court order was on appeal and that the automatic stays were still in effect.[2] They followed up in April, 1992 with a motion to dismiss or, in the alternative, for summary judgment, asserting that the matter in issue had been litigated before the Bankruptcy Court and that further litigation was barred by *res judicata.*

In November, 1992, after a hearing at which Mrs. Williams testified, the court rejected the *res judicata* defense and reentered judgment for the plaintiff in the amount of $24,700 plus interest, giving appellants credit for certain additional payments. In this appeal, they press the single question of whether "the decision of the United States Bankruptcy Court sustaining the appellants' objection on the merits to the appel-

---

**2.** We are informed that the Bankruptcy Court order dismissing the petitions was affirmed by the U.S. District Court.

lee's claim was res judicata and a bar to a subsequent proceeding before the circuit court involving the same claim and the same parties."

*Discussion*

In a nutshell, the doctrine of *res judicata* means that "a final and valid judgment rendered in one proceeding between two parties operates as a bar in a second proceeding between them on all matters that have been or could have been decided in the original litigation, where the second proceeding involves the same subject matter as the first cause of action." *Cook v. State*, 281 Md. 665, 668, 381 A.2d 671, *cert. denied*, 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978). In *Cicala v. Disability Review Bd.*, 288 Md. 254, 263, 418 A.2d 205 (1980), the Court held that "[t]he elements required for the application of the principles of res judicata are that the issue determined in a previous proceeding be identical to that presented in a subsequent proceeding, that the parties in the successive proceedings be the same, and that there be a final judgment of a court on the merits in the previous proceeding."

For purposes of this case, we shall assume that the parties in the circuit court proceeding to reinstate the judgment were the same as those before the Bankruptcy Court, that the issue presented to the circuit court—the validity of Ms. Stewart's claim against appellants—was identical to that considered and ruled upon by the Bankruptcy Court, and that the bankruptcy proceeding was a previous or prior proceeding. The fallacy in appellants' argument lies in the fact that the issue was not finally decided by the Bankruptcy Court.

Appellants' position, as more carefully elucidated at oral argument, is that the disallowance of the claim by the Bankruptcy Court constituted a final appealable judgment with respect to that claim and that that judgment, from which no timely appeal was taken, survived the dismissal of the bankruptcy case. They cite to us Bankruptcy Rule 9024, which generally makes Fed.R.Civ.P. 60 applicable to bankruptcy cases except that "a motion to reopen a case under the

Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b). . . ."

Federal Rule 60 is the analog to Md.Rule 2–535. It permits a Federal court to provide relief from a judgment, order, or proceeding for certain specified reasons, some of which (mistake, newly discovered evidence, and fraud) must be asserted within one year after the judgment, order, or proceeding was entered or taken. The point made by appellants is that, by invoking this Rule and applying it specifically to orders allowing or disallowing claims, Bankruptcy Rule 9024 in effect confirms that those orders are final judgments and therefore constitute *res judicata.*

The consideration of creditors' claims is dealt with in §§ 501 and 502 of the Bankruptcy Code. Section 502(j) provides expressly that a claim that has been allowed may be reconsidered by the Bankruptcy Court for cause. Bankruptcy Rule 3008 expands that authority to permit the court, on motion of a party in interest, to reconsider an order allowing or disallowing a claim. Although no specific time limit for such reconsideration is set by the statute, it seems clear that, absent some unusual circumstance that would make a reconsideration late in the administration inequitable, the authority extends at least until the case is closed. *See* 3 *Collier on Bankruptcy* ¶ 502.10 (15 ed. 1993); *In re Jephunneh Lawrence & Associates Chartered,* 63 B.R. 318 (Bankr.D.D.C.1986). That alone indicates that an order allowing or disallowing a claim is interlocutory in nature. Indeed, it is a provision not unlike Md.Rule 2–602(a), which makes clear that an order adjudicating fewer than all of the claims in an action is not a final judgment, does not terminate the action as to any of the claims, and is subject to revision at any time before entry of a judgment that does adjudicate all claims against all parties.

The Federal courts have applied the same principle through Fed.R.Civ.P. 54. Thus, it has been held that interlocutory orders are not subject to the restrictions of Rule 60(b) "but

rather are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." *In re MMS Builders, Inc.*, 101 B.R. 426, 430 (D.N.J.1989), quoting Advisory Committee Notes to Rule 60(b). In *Indemnity Ins. Co. v. Reisley*, 153 F.2d 296 (2d Cir.), *cert. denied,* 328 U.S. 857, 66 S.Ct. 1349, 90 L.Ed. 1629 (1946), the Court held specifically that Rule 60(b) had no application to an order directing payment of a claim until such time as the bankruptcy proceeding was terminated. At 299, the Court, on a petition for rehearing, concluded that the Rule was not applicable "because it relates only to a final order; and *no order in a bankruptcy proceeding is final (in the sense that it cannot be reopened) until the proceeding has been terminated."* [3] (Footnote omitted.)

The implication of Rule 60(b) by Bankruptcy Rule 9024 has meaning, but not that ascribed by appellants. It would permit a party to seek relief from an order allowing or disallowing a claim after the proceeding has been terminated, subject to the applicable restrictions in Rule 60(b). Indeed, at that point, relief would ordinarily be available *only* through Rule 60, for the broader revisory power of the Bankruptcy Court would have vanished.

*In re Saco Local Development Co.*, 711 F.2d 441 (1st Cir.1983), cited by appellee but now relied upon by appellants, does not direct any different conclusion. The Court there held that disputes over individual claims in bankruptcy were to be viewed as separate proceedings and that Congress intended to permit immediate appeals from orders resolving those disputes, before final resolution of the entire bankruptcy case. At 444, it noted that "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of *discrete disputes within the larger case*—and in particular, it has long provided that orders finally settling creditors' claims are separately appealable."

---

**3.** *Indemnity Ins. Co.* was decided under the Bankruptcy Act, not the current Bankruptcy Code, but the basis of the ruling remains valid under the new law.

It is evident from the Court's discussion that it was looking at "finality" in the context of appealability; it never mentioned, because it was not relevant, the ability of the Bankruptcy Court to revise its order prior to termination of the case. Nor did that case involve the situation that we have here—where the petition was dismissed without discharge or confirmation of a plan. In short, *Saco* merely confirms that, under the Bankruptcy Code, orders that otherwise would be regarded as interlocutory are immediately appealable. That does not, of itself, give them preclusive effect prior to termination of the case or affirmance on appeal.

The interlocutory, and therefore non-final, nature of the allowance or disallowance of a claim is reinforced by § 349 of the Bankruptcy Code. That section, in essence, provides that, unless the Bankruptcy Court orders otherwise, the dismissal of a case vacates orders entered and decisions made during the pendency of the case. The basic purpose of § 349, as expressed in both the House and Senate Reports accompanying the legislation (H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); Sen.Rep. No. 95–989; 95th Cong., 2d Sess. 48 (1978); U.S.Code Cong. & Admin.News 1978, pp. 5787, 5834, 5963, 6294), is "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case."

■ In sharp contrast to the confirmation of a reorganization plan under Chapter 11 of the Bankruptcy Code, which *does* have preclusive effect, *see, e.g., Sure–Snap Corp. v. State Street Bank and Trust Co.,* 948 F.2d 869 (2d Cir.1991); *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987); *In re Chattanooga Wholesale Antiques, Inc.,* 930 F.2d 458 (6th Cir.1991), a dismissal, which adjudicates nothing other, perhaps, than the grounds relied on for the dismissal, can have no such effect. *Cf. In re de Jesus Saez,* 721 F.2d 848 (1st Cir.1983); *In re Case,* 27 B.R. 844 (Bankr.S.D.1983). Accordingly, once the Bankruptcy Court dismissed appellants' cases under § 1112(b)(2) without confirmation of a plan, the order disallowing Ms. Stewart's claim, which had not then achieved

finality in any event, was automatically vacated pursuant to § 349, and Ms. Stewart was restored to all of the rights she possessed immediately prior to the filing of Mr. Williams's petition. The Bankruptcy Code itself, in other words, makes clear that the circuit court was not precluded from re-entering a judgment against appellants.

JUDGMENT AFFIRMED; APPELLANTS TO PAY THE COSTS.