Nader MIRZAI, Debtor.

Nader Mirzai, Appellant,

v.

Kolbe Foods, Inc., et al., Respondents.

No. SA CV 00–1114 DOC.
Bankruptcy Nos. 00–11965
RR, 93–11060 RR.
Adversary No. 00–1140 RR.

United States District Court,
C.D. California.

Nov. 5, 2001.

Melbourne B. Weddle, of Melbourne B. Weddle Law Offices, Santa Barbara, California, for Nader Mirzai.

Bruce W. Hogan, of Kingston, Martinez & Hogan, Santa Barbara, California, for Kolbe Foods, Inc.

## *ORDER* AFFIRMING BANKRUPTCY COURT'S DENIAL OF APPLICATION FOR PRELIMINARY INJUNCTION

CARTER, District Judge.

Before the Court is an appeal from the Bankruptcy Court for the Central District of California, the Honorable Robin L. Riblet presiding. After reviewing the parties' briefs and the record, the Court AFFIRMS the bankruptcy court's refusal to grant a preliminary injunction.[1]

## I.

### BACKGROUND

Like the boulder of Sisyphus, the present action has rolled up and down the federal and state courts, spanning almost a decade. At every level, the case has returned to its previous point only to be forced back up the hill. The task of this court is to put an end to this perpetual undulation.

Appellant Nader Mirzai filed a Chapter 11 bankruptcy on March 26, 1993. At

---

1. Pursuant to Local Rule 7–15 and Federal Rule of Bankruptcy Procedure 8012, the Court deems this matter appropriate for determination without oral argument.

the time the bankruptcy petition was filed, a fraud case brought by Respondents Kolbe Foods, Inc., James C. Kolbe, Jr. and Melissa Kolbe (collectively, Kolbe) was pending against Mirzai in Santa Barbara Superior Court. The bankruptcy court approved a stipulation between the parties granting relief from the automatic stay for the case to continue. The order allowed for an entry of judgment, but did not permit Kolbe to execute or collect on any judgment obtained from the state court action. (Appellant's Excerpt of Record (R.) at 8.291.) Kolbe prevailed at trial in the state court and obtained a judgment for $134,547.43, including $25,000 in punitive damages. On June 22, 1995 the state appellate court affirmed the judgment, except for the award of punitive damages. Thereafter, Kolbe dismissed its punitive damages claim.[2] (R. at 7.168–7.169, 7.175.)

On August 12, 1993, Kolbe filed a proof of claim with the bankruptcy court. Mirzai objected to this claim on the grounds that Kolbe Foods, Inc. was a suspended corporation, and therefore had no standing to assert a claim in the bankruptcy court.[3] The bankruptcy court sustained the objection and disallowed Kolbe's claim in its entirety. (R. at 6.85–6.86.) Mirzai voluntarily dismissed his bankruptcy on August 16, 1996 without discharge or approval of a plan of confirmation. In its order dismiss-

ing Mirzai's Chapter 11 case, the bankruptcy court ordered the trustee to pay several identified creditors, with any surplus funds distributed to Mirzai. (R. at 6.121.)

After dismissal of the bankruptcy case, Kolbe obtained a writ of execution and levied on Mirzai's bank account pursuant the state court judgment. However, the state court quashed the writ because a cross-complaint brought by Mirzai in the original state court action had not yet been tried, which was necessary to complete the entire action before allowing Kolbe to execute the judgment. In 1998, Kolbe prevailed at both the trial and appellate courts on this cross-complaint. The case had seemingly reached the apex of the hill without rolling back down.

Seeking to keep the case in its sisyphean cycle, Mirzai brought another motion in state court attempting to void the earlier judgment. In support of his motion to vacate the judgment Mirzai argued, *inter alia*, that Kolbe's dismissal of the punitive damages claim in the complaint operated to invalidate the judgment of the state court; the temporary suspension of Kolbe Foods, Inc. invalidated the judgment; and the bankruptcy court's disallowance of Kolbe's proof of claim in the dismissed bankruptcy case voided the state court judgment. The state court denied the motion

2. Mirzai later brought a motion to vacate the earlier state court judgment based on this dismissal, claiming that this dismissal had the effect of dismissing the whole action, including the judgment. The Santa Barbara County Superior Court found this argument to be erroneous and affirmed its earlier judgment, holding that only the punitive damages claim had been dismissed.

3. Kolbe Foods, Inc. was suspended by the State of California on December 12, 1992, pursuant to *Cal. Rev. & Tax Code* § 23302. (R. at 6.78.) On December 31, 1997 Kolbe Foods, Inc. was reinstated in California upon

the issuance of a Certificate of Revivor by the Franchise Tax Board. On January 21, 1998, Kolbe Foods, Inc. assigned its state court judgment to James and Melissa Kolbe, with notice of the assignment filed with the state court on August 18, 1998. Although Kolbe Foods, Inc. was later suspended by the Franchise Tax Board on August 1, 2000, that suspension is irrelevant because the judgment had been assigned to the individual creditors James and Melissa Kolbe, and it was again relieved of suspension by the Franchise Tax Board on December 13, 2000. *See Cal.Civ. Proc.Code* § 368.

and Mirzai's appeals to the state appellate and supreme courts were unsuccessful.

In a final effort to overturn the unfavorable judgment against him, Mirzai brought suit in federal district court against Kolbe, the state court judge and the County of Santa Barbara, alleging violation of his civil rights and the Supremacy Clause of the United States Constitution. This case was dismissed by the court on September 19, 2000.

In mid–2000, Mirzai again pushed the case to the top of the hill, filing the Chapter 11 case which from which the present appeal comes. He also filed an adversary proceeding on September 14, 2000, seeking declaratory and injunctive relief. The bankruptcy court granted Mirzai's application for a TRO, but subsequently denied his request for a preliminary injunction against Kolbe from seeking to enforce the state judgment against either Mirzai or his personal sureties. In denying the request for a preliminary injunction, the bankruptcy court concluded that its April 18, 1995 order disallowing Kolbe's proof of claim did not have a res judicata effect so as to establish the invalidity of Kolbe's judgment. It was therefore unlikely that Mirzai could succeed on the merits of his claim that the state court judgment was unenforceable based on the disallowance of the proof of claim. This appeal arises from the order denying Mirzai's request for a preliminary injunction.

## II.

### STANDARD OF REVIEW

A bankruptcy court's order denying a preliminary injunction is an interlocutory order. An interlocutory ruling by a bankruptcy court is appealable only by leave of the reviewing court. 28 U.S.C. § 158(a)(3) (providing that interlocutory orders of bankruptcy courts may be appealed with leave of the reviewing court).[4] Although Mirzai did not request leave to appeal the bankruptcy court's denial of their application for a preliminary injunction, the Court may treat their notice of appeal as a request for leave to appeal. Local Bankruptcy Court Rule 3.4. The Court therefore GRANTS leave to appeal.

An appeal from a bankruptcy court's order granting or denying injunctive relief is reviewed for abuse of discretion. *In re Dunbar*, 235 B.R. 465, 470 (9th Cir. BAP 1999) (citing *Graham v. Teledyne–Continental Motors, a Div. of Teledyne Indus., Inc.*, 805 F.2d 1386, 1388 (9th Cir.1986)). Under the abuse of discretion standard, the reviewing court must have a firm conviction that the court below committed a clear error of judgment in the conclusion it reached before reversal is proper. *AT&T Universal Card Servs. v. Black*, 222 B.R. 896, 899 (9th Cir. BAP 1998). An error of law is per se an abuse of discretion. *See In re Sternberg*, 85 F.3d 1400, 1405 (9th Cir.1996), *overruled on other grounds by In re Bammer*, 131 F.3d 788 (9th Cir.1997) (en banc). A bankruptcy court's findings of fact, whether based on oral or documentary evidence, are not set aside unless clearly erroneous. Fed. R. Bankr.P. 8013. Here, the material facts are not disputed, but the applicable legal standards are contested. In reviewing the previous order denying the request for a preliminary injunction, the Court considers such factors as plaintiff's likelihood of success on the merits, irreparable harm and

---

4. Orders of district courts granting or denying injunctions, including preliminary injunctions, may be appealed to the court of appeals as of right. 28 U.S.C. § 1292(a)(1). There does not appear to be a similar provision for bankruptcy court orders regarding injunctions.

the balance of hardships. *In re Dunbar,* 235 B.R. at 470.

## III.

## DISCUSSION

Mirzai raises a host of specific issues on appeal, but the substance of his appeal raises two intertwined issues. First, whether the bankruptcy court erred in concluding that its order of April 18, 1995 disallowing Kolbe's proof of claim was not a final order, and therefore not entitled to res judicata. And second, whether the bankruptcy court erred in concluding that its previous disallowance of Kolbe's proof of claim did not invalidate the underlying state court judgment.

### A. Res Judicata

Mirzai first contends that the bankruptcy court order of April 18, 1995 disallowing Kolbe's proof of claim was a final order, and therefore entitled to res judicata. He argues that the dismissal of his first Chapter 11 case left intact the order disallowing Kolbe's proof of claim, thereby precluding a later assertion of this claim. Mirzai therefore claims the bankruptcy court applied an erroneous legal standard when it held that the effect of dismissal under 11 U.S.C. § 349[5] was to "undo" the court's order disallowing Kolbe's proof of claim in the first Chapter 11 case. This argument ignores both the legislative history of section 349 and the purpose of dismissal of the bankruptcy case.

Section 349 governs the effect of dismissal of a bankruptcy case. Subsection (b) of section 349 provides that certain orders and judgments are vacated by a dismissal, unless preserved by the bankruptcy court for cause. A disallowance of a proof of claim under section 502(b), however, is not specifically enumerated.

Here, there was no such preservation of the order disallowing Kolbe's proof of claim.

■■■ The clear intent of Congress was for section 349 "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R.Rep. No. 95–595, at 338 (1977); S.Rep. No. 95–989, at 48 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5834, 5963, 6294. Section 349 facilitates a return to the status quo before the filing of the bankruptcy petition. The bankruptcy court, however, can exercise its equitable powers and protect rights obtained in reliance on the bankruptcy case, thereby limiting the scope of dismissal. *In re Case,* 27 B.R. 844, 846 (Bankr.D.S.D.1983).

■■■ The dismissal of a bankruptcy case does not entitle the debtor to the "fresh start" that underlies the policy of the Bankruptcy Code. *Case,* 27 B.R. at 846. Only discharge frees the debtor, "leaving liability for as few obligations as possible." *Id.* Once discharge occurs and the case is closed, there is finality. *See* 11 U.S.C. § 350. No party may petition the court for reconsideration of orders allowing a claim. 11 U.S.C. § 502(j). However, the converse is also true; if no discharge is granted, there is no finality as to most orders entered during the pendency of the case, unless preserved by the court in the exercise of its equitable powers. *See* 11 U.S.C. § 349.

■■■ While there appears to be no controlling authority on point in the Ninth Circuit, other courts have considered similar situations to that presented here and conclude that there is no preclusive effect afforded a disallowance of a proof of claim where there is a dismissal without dis-

5. All references to code sections are to the Bankruptcy Code, unless otherwise noted.

charge. *See Case,* 27 B.R. 844; *Williams v. Stewart,* 97 Md.App. 620, 631 A.2d 517 (Md.Ct.Spec.App.1993).

In *Case,* the Bankruptcy Court for the District of South Dakota considered a strikingly similar situation as here. 27 B.R. at 845. There, the court disallowed a creditor's proof of claim upon the objection of the debtors. The debtors then moved to dismiss their Chapter 13 bankruptcy with a proviso that all orders entered by the bankruptcy court during the case were to remain in effect. *Id.* In considering whether to grant the dismissal with the proviso requested by the debtors, the court looked to the legislative history of section 349. *Id.* at 846. The court concluded that allowing dismissal with the requested proviso would be contrary to the intent of section 349 because it would have the effect of giving the debtors the benefits and protections of a bankruptcy discharge without having confirmed a plan or received a discharge. *Id.* The court denied the motion to dismiss with the proviso because it reasoned that the order disallowing the proof of claim should not be considered final. Section 349 and the underlying policy of the bankruptcy code guided against such a finding. *See id.* at 846–847; *see also Williams v. Stewart,* 631 A.2d at 522 (concluding that allowance or disallowance of proof of claim should not be given a preclusive effect where there was no confirmation of a plan of reorganization under Chapter 11 and debtors bankruptcy was dismissed).

In support of its contention that the bankruptcy court order disallowing Kolbe's claim was final and therefore should be afforded res judicata, Mirzai relies on *In re Pavelich,* 229 B.R. 777 (9th Cir. BAP 1999). He claims that this case stands for the proposition that unless an order listed in section 349, it is not undone by the dismissal of the bankruptcy case. The Court agrees with the bankruptcy court that *Pavelich* is not controlling on the facts of this case.

In *Pavelich* the Ninth Circuit Bankruptcy Appellate Panel concluded that a discharge order was not revoked by the dismissal of the debtor's case. 229 B.R. at 780. There, discharges were entered under 11 U.S.C. § 727(a) and the case was dismissed. After considering the effect of section 349, the court concluded that although "the omission of an order from the list in § 349(b) ordinarily means that dismissal does not affect the omitted order," a dismissal order, without more, did not automatically revoke the debtors' discharges. *Id.*

 *Pavelich* does not address the situation presented here.[6] There, the court did not consider the effect of dismissal without discharge on an order disallowing a proof of claim, and the court's holding was specifically limited to the facts before it. *Pavelich,* 229 B.R. at 780. Furthermore, the difference between a discharge as granted in *Pavelich* and the disallowance of the proof of claim here is critical. A discharge creates finality, which frees

---

**6.** Mirzai's reliance on *Siegel v. Fed. Home Loan Mortgage Corp.,* 143 F.3d 525 (9th Cir. 1998) and *United States v. Coast Wineries,* 131 F.2d 643 (9th Cir.1942) is also misplaced. In *Siegel,* the Ninth Circuit Court of Appeals found res judicata was a bar to challenges to allowed proofs of claim *after a discharge.* 143 F.3d at 528, 529. *Coast Wineries* merely holds that bankruptcy court orders are treated the same as any other federal court and

that the disallowance of a proof of claim should be given a preclusive effect in a *subsequent suit,* where the disallowance effectively decides the merits of the claim. *See* 131 F.2d at 648–649. Here, the bankruptcy court did not decide the merits of Kolbe's claim because that had been done by the state court. The bankruptcy court appears to have disallowed Kolbe's proof of claim on procedural grounds only.

the debtor of its past obligations. The disallowance of a claim is interlocutory in nature and intended only as a tool for the administration of the bankruptcy estate. Once the estate no longer needs administration, there is no reason to give effect to the disallowance.

Here, the bankruptcy court properly found that its April 18, 1995 order disallowing Kolbe's proof of claim was not final. Accordingly, it was not entitled to res judicata, and Kolbe was not prevented from collecting on its judgment once the first case was dismissed and the automatic stay terminated. 11 U.S.C. § 362(c)(2)(B); *see also Case,* 27 B.R. at 846. The bankruptcy court premised its finding on the reasoning outlined above and concluded that section 349 had the effect of undoing its previous order. Mirzai was not entitled to the benefits of bankruptcy without confirmation of a plan or discharge.

 Moreover, it is apparent from the record that the proof of claim was denied because of the suspended status of Kolbe Foods, Inc., as this was Mirzai's only grounds for objection to the proof of claim. A procedural disallowance is not a judgment on the merits of the claim and should not be entitled to a preclusive effect. *See Coast Wineries,* 131 F.2d at 648–649. Therefore, the Court finds that the bankruptcy correctly concluded that its April 18, 1995 order denying Kolbe's proof of claim was not entitled to res judicata in the present adversary proceeding. Dismissal of the previous case effectively undid the court's order, returning the debtor to the status quo ante.

### B. The underlying state court judgment

Mirzai further contends that the bankruptcy court's order disallowing Kolbe's proof of claim invalidated the state court judgment upon which Kolbe filed its proof of claim. In support of this contention he claims that the state courts ignored the bankruptcy court's ruling on Kolbe's proof of claim in violation of the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2. Moreover, Mirzai claims that the suspension of Kolbe Foods, Inc. invalidated any actions taken by the corporation in state or federal court.

 The *Rooker–Feldman* doctrine "stands for the unremarkable proposition that federal district courts are courts of original, not appellate jurisdiction." *In re Gruntz,* 202 F.3d 1074, 1078 (9th Cir.2000) (citations omitted); *see also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Therefore, a necessary corollary is that a district court has "no authority to review the final determinations of a state court in judicial proceedings." *Id.* (internal quotations omitted) (quoting *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir.1986)).

 However, a bankruptcy court has statutory authority to review of state court judgments in certain limited instances, as provided for in the Bankruptcy Code. *In re Gruntz* 202 F.3d at 1079. Bankruptcy courts have the power to avoid, modify and even discharge certain state court judgments. *Id.* Therefore, a final judgment in state court does not automatically have a preclusive effect in bankruptcy courts. The longstanding rule is that a "state court judgment entered in a case that falls within the federal courts' exclusive jurisdiction is subject to collateral attack in the federal courts." *Gonzales v. Parks (In re Gonzales),* 830 F.2d 1033, 1036 (9th Cir.1987).

Mirzai claims the failure of the state courts to follow the bankruptcy ruling

presents a reverse *Rooker–Feldman* problem—that the state courts did not give full faith and credit to the bankruptcy court's denial of Kolbe's proof of claim in the first Chapter 11 case. This claim is without merit, since the bankruptcy court approved the stipulation between the parties that the pending state fraud case could be continued and judgment entered, but disallowed any collection on the judgment. The stay was lifted, and the subsequent actions of the state courts leading to a judgment on the merits were valid. After a stay has been lifted, "federal courts [give] subsequent state decisions full faith and credit, 'as they have by law or usage in the courts of such state'" *In re Gruntz*, 202 F.3d at 1084 (quoting 28 U.S.C. § 1738); *see also In re Highway Truck Drivers & Helpers Local Union # 107*, 888 F.2d 293, 299 (3d Cir.1989) (holding that where the automatic stay was lifted, the state court's decision on the merits bound the bankruptcy court, but cautioning that the judgment would have been void if the bankruptcy court had not consented to lifting the automatic stay).

Because the bankruptcy court consented to lifting the automatic stay, the subsequent judgment by the state court did not violate the stay and must be given full faith and credit. *See In re Highway Truck Drivers & Helpers Local Union # 107*, 888 F.2d at 299. Under the *Rooker–Feldman* doctrine the bankruptcy court, as well as this Court, are not in the position review the judgment of the state trial court, appellate court and Supreme Court of California.

Furthermore, the determination by the state courts that the suspension of Kolbe Foods, Inc. did not affect the validity of the state judgment is also guarded by *Rooker–Feldman*. While the bankruptcy court may have disallowed Kolbe's claim on the basis of its suspension, that alone cannot be substituted for the judgment of the California courts with respect to the validity of the underlying judgment. Accordingly, the Court finds that the bankruptcy court did not err in its application legal standards in its determination that Kolbe's state court judgment was not invalidated by its previous order, and that its disallowance of the proof of claim in the first bankruptcy action did not have a preclusive effect.

## IV.

## CONCLUSION

Because the bankruptcy court applied the correct legal standards with respect to its legal conclusion on res judicata and the *Rooker–Feldman* doctrine this Court AFFIRMS the denial of Mirzai's application for a preliminary injunction. The previous order of the bankruptcy court does not have a preclusive effect in the present adversary proceeding, nor did the order invalidate the underlying state court judgment.

IT IS SO ORDERED.