[No. B145530. Second Dist., Div. Three. June 28, 2002.]

MARK NATHANSON, Plaintiff and Respondent, v.
MARC E. HECKER et al., Defendants and Appellants.

COUNSEL

Seyfarth Shaw, Allan S. Ono and Dean A. Martoccia for Defendants and Appellants.

Spielberger & Grossan and Diana Spielberger for Plaintiff and Respondent.

OPINION

ALDRICH, J.—

INTRODUCTION

During pendency of the underlying action for breach of lease brought by Mark Nathanson against his tenants, Marc E. and Eileen Hecker, the latter filed for chapter 11 bankruptcy protection. Nathanson filed a claim with the bankruptcy court for unpaid rent and damage to the premises. Following a contest, the bankruptcy court allowed most of Nathanson's claim. After the bankruptcy action was dismissed, Nathanson returned to the state court where he moved for summary judgment of his breach of lease cause of action on the ground his claim in the bankruptcy court had been fully litigated to a final determination of the merits in his favor, with the result that any further proceeding in the superior court was barred by doctrine of res judicata. The superior court granted the motion. The Heckers appealed, contending the order allowing Nathanson's claim was not final where the bankruptcy proceeding had been dismissed before confirmation of a reorganization plan. We disagree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Nathanson leased a residence in Beverly Hills to the Heckers for $11,350 a month. Eventually Nathanson filed an unlawful detainer action. The Heckers vacated the premises on the day of trial and the case was taken off the active list. Thereafter, Nathanson filed his first amended complaint for damages for breach of lease. The Heckers cross-complained. After Nathanson's demurrer, the only claims remaining at issue were breach of contract and accounting.

The Heckers refused to respond to Nathanson's repeated discovery requests. While Nathanson's motions to compel responses were pending, Mark Hecker filed a petition in bankruptcy under chapter 11 (11 U.S.C. § 101 et seq.) (Case No. LA 99-39790-VZ). Eileen Hecker was added to Mark Hecker's bankruptcy petition as a petitioner and joint debtor shortly after the superior court granted Nathanson's motion to compel her deposition. Nathanson was listed on the Heckers' petition as a creditor having an "unliquidated disputed" claim.

Nathanson then filed with the bankruptcy court his proof of claim in the amount of $200,000, for rent, property damage, and attorney fees. The Heckers filed a debtors' objection with supporting papers and noticed a hearing for March 29, 2000. Nathanson submitted a response along with eight declarations and exhibits as well as copies of the pleadings and discovery in the state court action. The Heckers filed a reply.

At the hearing, the bankruptcy court heard argument, ruled on the Heckers' objections, and, pursuant to title 11 United States Code section 502(b)(6), allowed Nathanson's claim in the amount of $169,282.36, comprised of $104,000 in rent, $7,366.68 in interest, $5,000 for the reinstallation of furnishings according to the lease, and $52,915.68 in attorney fees. The order was served on the Heckers the following day, March 30, 2000.

On April 10, 2000, the bankruptcy court dismissed the Heckers' bankruptcy action. We are told the dismissal followed the grant of the trustee's motion either to convert the bankruptcy to chapter 7 or to dismiss the case for the Hecker's failure to file required debtor-in-possession account information. The dismissal occurred before confirmation of a plan of reorganization.

After the bankruptcy dismissal, Nathanson's complaint in the superior court was returned to the civil active list and a trial date was set. Nathanson then moved the superior court for summary judgment on the ground the

bankruptcy court's order allowing his claim precluded relitigation of that claim in superior court on the basis of res judicata.

Finding no triable issue of fact, the superior court ruled Nathanson was entitled to judgment as a matter of law and entered judgment against the Heckers in the amount of the allowed claim plus attorney fees. The Heckers' timely appeal followed.

## CONTENTION

The Heckers contend the allowance of Nathanson's claim was not a final judgment for purposes of res judicata where the entire bankruptcy case was dismissed before confirmation of a reorganization plan.

## DISCUSSION

### 1. *Standard of review.*

" ' "Summary judgment is granted when there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. [Citation.] We review the [superior] court's decision to grant . . . summary judgment de novo." [Citation.]' [Citation.]" (*Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 951 [62 Cal.Rptr.2d 142].) There being no dispute as to the operative facts here, the question is purely a legal one for us to resolve. (Code Civ. Proc., § 437c.)

### 2. *Principles of res judicata.*

"The doctrine of res judicata precludes parties or their privies from relitigating an issue that has been finally determined by a court of competent jurisdiction. [Citation.] 'Any issue necessarily decided in such litigation is conclusively determined as to the parties or their privies if it is involved in a subsequent lawsuit on a different cause of action.' [Citation.]" (*Levy v. Cohen* (1977) 19 Cal.3d 165, 171 [137 Cal.Rptr. 162, 561 P.2d 252].)

Three elements must be met for res judicata to adhere: "(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party to or in privity with a party to the prior adjudication? [Citations.]" (*Levy v. Cohen, supra,* 19 Cal.3d at p. 171.) In this case, it is undisputed the first and third requirements were met. The sole issue here is with reference to the second question, i.e., whether the bankruptcy court's allowance of Nathanson's claim is a "final judgment."

■ California gives full faith and credit to a final order or judgment of a federal court (*Levy v. Cohen, supra,* 19 Cal.3d at p. 172) by "follow[ing] the rule that the preclusive effect of a prior judgment of a federal court is determined by federal law, at least where the prior judgment was on the basis of federal question jurisdiction." (*Butcher v. Truck Ins. Exchange* (2000) 77 Cal.App.4th 1442, 1452 [92 Cal.Rptr.2d 521], citing *Levy v. Cohen, supra,* 19 Cal.3d 165.)

■ The federal rule, *applicable to matters decided in bankruptcy* (*Siegel v. Federal Home Loan Mortg. Corp.* (9th Cir. 1998) 143 F.3d 525, 529), "is that a judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition. [Citations.]" (*Levy v. Cohen, supra,* 19 Cal.3d at p. 172.)[1]

3. *The order allowing Nathanson's claim is final under federal bankruptcy law.*

The Ninth Circuit Court of Appeals has repeatedly held "a bankruptcy court's allowance or disallowance of a claim is a final judgment" (*Siegel v. Federal Home Loan Mortg. Corp., supra,* 143 F.3d at p. 529) and " 'is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.' " (*Ibid.,* quoting from *United States v. Coast Wineries* (9th Cir. 1942) 131 F.2d 643, 648 [allowance of claim for taxes final for res judicata purposes; no mention of discharge]; but see *In re Mirzai* (C.D.Cal. 2001) 271 B.R. 647, 653-654 [disallowance of claim on procedural ground not res judicata where bankruptcy dismissed before confirmation].[2]) Although there is a disagreement in the circuits (see, e.g., *County Fuel Co., Inc. v. Equitable Bank Corp.* (4th Cir.

---

[1] " 'California and federal law differ in their definition of finality for purposes of res judicata. The pendency of an appeal precludes finality under California law, but, under federal law and the law of many other states, the pendency of an appeal does not alter the res judicata effect of an otherwise final judgment.' [Citation.]" (*In re Bellucci* (Bankr. E.D.Cal. 1990) 119 B.R. 763, 768-769.)

[2] In *Mirzai,* the creditor's claim was disallowed solely on a *procedural* ground. There, the creditor corporation obtained a judgment in state court against the debtor, and then filed a claim in bankruptcy court pursuant to the state court judgment. The bankruptcy court *disallowed* the claim because the creditor corporation had earlier been suspended for nonpayment of taxes and thus lacked standing to assert the claim. The debtor thereafter sought to enjoin the creditor from enforcing its state court judgment by asserting the preclusive effect of the bankruptcy court's *later disallowance* of the creditor's claim. The bankruptcy court denied the debtor's request for preliminary injunction. The United States District Court held that the bankruptcy court's order *disallowing* the creditor's claim was not entitled to the preclusive effect of res judicata and did not prevent the creditor from collecting on the state court judgment. The court reasoned that the order *disallowing* the claim was not final for purposes of res judicata because the bankruptcy had been dismissed before discharge. (*In re Mirzai, supra,* 271 B.R. at pp. 652-653.) *Mirzai* is entirely inapposite. First, in *Mirzai* the

1987) 832 F.2d 290, 292 [doubting *automatically allowed* claim is final for res judicata purposes]), the Ninth Circuit is not alone in holding the allowance of a claim in bankruptcy is a final order for purposes of res judicata. (See *Matter of Baudoin, supra,* 981 F.2d at p. 742 [order allowing proof of claim final for res judicata although one bankruptcy reopened and second bankruptcy never closed]; see 1 Collier on Bankruptcy, *supra,* ¶ 5.07[2], p. 5-24 [order fixing amount of creditor's claim has been held final].) Indeed, the Ninth Circuit in *Siegel* held further that a claim that was merely "*deemed allowed*" (11 U.S.C. § 502(a), italics added)˙ was final giving rise to res judicata principles. (*Siegel v. Federal Home Loan Mortg. Corp., supra,* at pp. 529-530.) That court explained, "Of course, *if the [bankruptcy] court formally actually allows the claim, there can be little doubt about the ultimate res judicata effect of that allowance.*" (*Ibid.,* italics added.) In short, federal law, and in particular the Ninth Circuit, holds the allowance of a claim under section 502 of title 11 of the United States Code is a final judgment entitled to the preclusive effect of res judicata. (*Siegel v. Federal Home Loan Mortg. Corp., supra,* at pp. 529-530; *United States v. Coast Wineries, supra,* at pp. 648-649.)

The Heckers attempt to distinguish *Siegel.* They note that in *Siegel,* a reorganization plan had been confirmed whereas their bankruptcy was dismissed before reaching that point. Thus, they argue, Nathanson's claim here is not *final.*

The fact *Siegel* proceeded to a confirmation is not dispositive of the question of whether the earlier order allowing or disallowing a claim is final. The reason lies in the distinction between general federal litigation on the one hand, and bankruptcy proceedings on the other. Some orders that might be considered interim or interlocutory in ordinary federal litigation are actually final in the bankruptcy context. (1 Collier on Bankruptcy, *supra,* ¶ 5.07[1] [b].) Unlike federal litigation, where each civil action is considered a

creditor's claim was *disallowed,* whereas here, the claim was allowed. Second, the disallowance in *Mirzai* was for the purely *procedural* reason of lack of standing, whereas Nathanson's claim was fully litigated before the bankruptcy court *on its merits.* Hence, the principle of res judicata would not have applied in *Mirzai* for an entirely different reason than that relied on by the *Mirzai* court (*United States v. Coast Wineries, supra,* 131 F.2d at pp. 648-649), and so the discussion about finality was not necessary for resolution of that case. Third, the debtor in *Mirzai* sought to apply the doctrine of res judicata to a later federal court order, to *undo* a previously entered state court judgment. Here, however, the state superior court is asked to recognize a federal court order, which order has been held by *federal courts* to be final (*Siegel v. Federal Home Loan Mortg. Corp., supra,* 143 F.3d at pp. 529-530) before termination of the bankruptcy proceeding. (*United States v. Coast Wineries, supra,* at p. 648; *Matter of Baudoin* (5th Cir. 1993) 981 F.2d 736, 742; *In re Moody* (5th Cir. 1988) 849 F.2d 902, 904; 1 Collier on Bankruptcy (15th ed. 2001) ¶ 5.07[2 ], p. 5-24.) In any event, the *Mirzai* court reached the same result as we do here: a prior judgment was afforded full faith and credit.

single judicial unit from which only one appeal lies, in bankruptcy, a "case is simply an aggregation of individual controversies, the resolution of which must be reached before bankruptcy distribution." (1 Collier on Bankruptcy, *supra*, ¶ 5.07[1] [b], p. 5-21; *In re Saco Local Development Corp.* (1st Cir. 1983) 711 F.2d 441, 444; cf. *In re Mason* (9th Cir. 1983) 709 F.2d 1313, 1318 [taking "pragmatic approach to the question of finality" because of "unique nature of bankruptcy procedure"].) In bankruptcy, "each adversary proceeding or contested matter is a discrete unit and . . . once that unit is defined, ordinary concepts of finality apply." (1 Collier on Bankruptcy, supra, ¶ 5.07[1] [b], p. 5-24, fn. omitted.)

Hence, "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case—*and in particular, it has long provided that orders finally settling creditors' claims are separately appealable.*" (*In re Saco Local Development Corp.*, *supra*, 711 F.2d at p. 444, original italics removed, italics added; *In re Moody, supra,* 849 F.2d. at p. 904; see 1 Collier on Bankruptcy, *supra*, ¶ 5.07[2].) The reason for finality is that the order "conclusively determine[s] a separable dispute in the case. . . ." (*In re Yermakov* (9th Cir. 1983) 718 F.2d 1465, 1469; *Saco Local Development Corp.*, *supra*, 711 F.2d at p. 444.) Therefore, the determinative fact here, for purposes of ascertaining the finality element of res judicata, was not that the case advanced to confirmation of a reorganization plan, but that the court issued an order allowing Nathanson's claim, because that order was *final*, appealable (*In re Yermakov*), and hence supplied a basis for the bar of res judicata. (*Siegel v. Federal Home Loan Mortg. Corp.*, *supra*, 143 F.3d at p. 529.)

The Heckers cite title 11 United States Code section 349(b) to argue that the allowance of a claim is not final for purposes of res judicata where the case was dismissed prior to confirmation of a reorganization plan.[3]

Title 11 United States Code section 349 governs the effect of a dismissal of a bankruptcy proceeding. Subdivision (b) of that section provides that

---

[3]This argument was taken from *Williams v. Stewart* (1993) 97 Md.App. 620 [631 A.2d 517]. However, *Williams* is an opinion from a Maryland appeals court and hence not binding on this court. Also, *Williams* stands in contradiction to Ninth Circuit cases holding, irrespective of a judgment confirming a reorganization plan, the order allowing a claim is itself final for purposes of res judicata. (*Siegel v. Federal Home Loan Mortg. Corp., supra,* 143 F.3d at p. 529; *United States v. Coast Wineries, supra,* 131 F.2d at p. 648.)

Moreover, we note that both *In re Mirzai* and *Williams* concerned the finality of orders *disallowing* claims based on state court judgments, apparently on procedural grounds. By vacating orders disallowing the claims, the *Mirzai* and *Williams* courts were able to resurrect previously entered state court judgments. In contrast, here the bankruptcy court allowed the claim after a substantive contest and the superior court must give full faith and credit to that bankruptcy court order. (*Butcher v. Truck Ins. Exchange, supra,* 77 Cal.App.4th at p. 1452.)

four enumerated orders and judgments are vacated by a dismissal, unless specifically preserved by the bankruptcy court. (11 U.S.C. § 349(b).)[4] The allowance of a claim under title 11 United States Code section 502, however, is *not* one of the four enumerated sections vacated by a section 349(b) dismissal. "[T]he omission of an order from the list in section 349(b) ordinarily means that dismissal does not affect the omitted order. [Citations.]" (*In re Pavelich* (Bankr. B.A.P. 9th Cir. 1999) 229 B.R. 777, 780; *In re Newton* (Bankr. C.D.Ill. 1986) 64 B.R. 790, 793 [§ 349(b)'s omission of other code sections "is significant"].) Therefore, where a dismissal under section 349(b) does not purport to vacate an order allowing a claim pursuant to section 502, such as the order at issue here, the allowance of Nathanson's claim was unaffected by the dismissal of the Heckers' bankruptcy. (*In re Pavelich,* disagreed with by *In re Mirzai, supra,* 271 B.R. at p. 653.)

Nor is title 11 United States Code section 502(j) helpful to the Heckers. Section 502(j) provides that a claim that has been allowed or disallowed may be reconsidered for cause.[5] Yet the Heckers did not seek reconsideration of the order allowing Nathanson's claim. Moreover, rule 60 of the Federal Rules of Civil Procedure (28 U.S.C.), applicable "in cases under the [Bankruptcy] Code . . . ." (Bankruptcy Rules, rule 9024, 11 U.S.C.) clearly provides that a motion for reconsideration under its subdivision (b) "*does not affect the finality of a judgment or suspend its operation.*" (Fed. Rules Civ.Proc., rule 60(b), 28 U.S.C., italics added.) Even had the Heckers moved for reconsideration, such motion would not have affected the finality of the order allowing Nathanson's claim. (*Ibid.*)

Accordingly, the bankruptcy court's order here, "entered in the peculiar context of a bankruptcy proceeding, conclusively determined a separable dispute in the case and constitutes a 'final judgment, order, or decree' . . . ." (*In re Yermakov, supra,* 718 F.2d at p. 1469) for purposes of res judicata. There being no dispute of fact, as a matter of law, Nathanson was entitled to summary judgment.

We are not unmindful of the fact the Heckers filed their bankruptcy petition on the heels of sanctions orders against them, seemingly in an effort to avoid that liability in addition to the unpaid rent and damages. Having forced Nathanson to pursue them into bankruptcy court, the Heckers should

---

[4]Title 11 United States Code section 349(b) states: "Unless the court, for cause, orders otherwise, a dismissal of a case . . . . [¶] . . . [¶] (2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title . . . ." These sections concern voided liens and property transfer orders.

[5]Title 11 United States Code section 502(j) states in relevant part, "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case . . . ."

not now be able to take tactical advantage of the dismissal of their bankruptcy proceeding, which dismissal they apparently caused, to evade the finality of the order allowing Nathanson's claim, where the issues of the existence and the amount of the claim have been fully litigated between the parties and resolved on the merits by the bankruptcy court.

DISPOSITION

The judgment is affirmed.

Klein, P. J., and Croskey, J., concurred.