[No. B158594. Second Dist., Div. Three. Sept. 25, 2003.]

EDWARD M. WOLKOWITZ, as Trustee in Bankruptcy, etc., Plaintiff and Appellant, v.
REDLAND INSURANCE COMPANY et al., Defendants and Respondents.

**COUNSEL**

Robinson, Diamant & Wolkowitz and Jeremy W. Faith for Plaintiff and Appellant.

Gwen Freeman for Anthony Choy as Amicus Curiae on behalf of Plaintiff and Appellant.

Koletsky, Mancini, Feldman & Morrow, Roy A. Koletsky, Raymond C. Dion; Sonnenschein Nath & Rossenthal, William T. Barker, Kevin P. Kamraczewski and Jenifer M. Placzek for Defendants and Respondents Redland Insurance Company, Acceptance Insurance Company and Berkley Risk Administrators, LLC.

Lewis Brisbois Bisgaard & Smith, Kenneth C. Feldman, Bartley L. Becker and Jeffry A. Miller for Defendants and Respondents Zinder, Blackburn, Park, Clements & Keenan, Mercer & Zinder and Kevin H. Park.

**OPINION**

**CROSKEY, Acting P. J.**—Edward M. Wolkowitz, as chapter 7 bankruptcy trustee for Shamrock Tire, Etc., Inc. (Shamrock), sued Shamrock's insurer, and the attorneys retained by the insurer to defend Shamrock, alleging (1) the insurer's bad faith refusal to accept a pretrial offer to settle a personal injury action against Shamrock within policy limits and (2) the attorneys' legal malpractice and breach of fiduciary duty in connection with such refusal to settle. The trustee seeks to recover as damages the amount of an allowed claim filed by the personal injury claimant. The allowance of the claim (in an amount in excess of $26 million) was the result of an agreement between the claimant and the trustee and occurred upon the bankruptcy court's granting of the trustee's motion seeking such allowance.

The trial court sustained the insurer's and the attorneys' demurrers to the trustee's complaint without leave to amend. The trustee appeals from the resulting dismissal of his complaint, raising several contentions. We conclude that the complaint fails to state a cause of action against both the insurer and the attorneys because it fails to allege facts sufficient to establish that Shamrock suffered any damages as a result of the refusal to settle the claimant's action. As the trustee has failed to show that any other damages are claimed to have arisen from such failure to settle, the trial court properly sustained the demurrers without leave to amend.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Anthony Choy purchased from Shamrock a "lift kit" for installation in his motor·vehicle. Following an accident in which he allegedly lost control of his car and in which he was severely injured, Choy sued Shamrock and others in November 1995 for those injuries. He alleged that his injuries were caused by defective equipment installed on his vehicle by Shamrock. (*Choy v. Owl Rock Products Company* (Super. Ct. L.A. County, No. GC015739).[1]

Shamrock's insurer, Redland Insurance Company (Redland), retained Zinder, Blackburn, Park, Clements & Keenan, Mercer & Zinder, and Kevin H. Park (collectively, attorney defendants) to defend Shamrock in this action. Choy offered to settle the complaint against Shamrock in June 1998 for the policy limits of $500,000. Redland refused to accept the offer.

Choy then offered Shamrock, through its counsel, an agreement not to execute a judgment against Shamrock in exchange for an assignment of Shamrock's cause of action against Redland for its (allegedly bad faith)

---

[1] This action is sometimes hereafter referred to as the state personal injury action.

refusal to settle. The attorney defendants allegedly failed to even communicate the offer to their client, Shamrock.[2]

Shamrock thereafter filed a chapter 7 bankruptcy petition in December 1999, before the scheduled trial date in the state personal injury action. The schedules filed with the petition stated that the total value of Shamrock's assets was only $2,100. The filing of this petition led directly to a second action by Choy. He sued Redland and the attorney defendants in January 2000 for abuse of process and intentional infliction of emotional distress.[3] He alleged that Redland and the defendant attorneys had induced Shamrock to file for bankruptcy protection in an effort to prevent Choy from obtaining a judgment against Shamrock in the state personal injury action in excess of Redland's $500,000 policy limit. The trial court, however, dismissed the complaint on the ground that the bankruptcy court has exclusive jurisdiction to determine whether the bankruptcy petition was filed in bad faith. We affirmed the dismissal on the same ground (*Choy v. Redland Ins. Co.* (2002) 103 Cal.App.4th 789 [127 Cal.Rptr.2d 94]).[4]

The trustee and Choy entered into an agreement in September 2000, while the above-described state abuse of process action was still pending. That agreement states that it is binding if and only if the bankruptcy court approves the agreement and that the parties will use their best efforts to obtain bankruptcy court approval. The agreement also states that the trustee and Choy share a common interest in maximizing the value of the bankruptcy estate by recovering a judgment against Redland for an amount in excess of the $500,000 policy limit.[5] The agreement expressly provides that Choy had a $26,225,000 claim against the bankruptcy estate,[6] and that the claim would

---

[2] These allegations are the basis for the malpractice claim asserted against the attorney defendants. The trustee claims that it was this conduct by the attorney defendants that led, at least in part, to Shamrock's bankruptcy filing.

[3] We sometimes hereafter refer to this action as the state abuse of process action.

[4] On May 2, 2003, following our affirmance of the dismissal of his state abuse of process action, Choy filed an adversary complaint in the bankruptcy proceedings in which he pled the same two claims, plus a statutory claim (under 11 U.S.C. § 105) for misuse of the bankruptcy process. On June 20, 2003, the bankruptcy court dismissed with prejudice Choy's claims for abuse of process and intentional infliction of emotional distress. However, the court sustained Choy's right to proceed with the statutory misuse of the bankruptcy process claim against both Redland and the attorney defendants. That matter is apparently still pending.

[5] It almost goes without saying that this "common interest" results from the trustee's and Choy's expectation that a damage claim for bad faith against Redland would arise from the bankruptcy court's allowance of a claim in excess of Redland's $500,000 policy limit.

[6.] Under the terms of the agreement, Choy's claim was to be "deemed" filed. In fact, Choy never did actually file a claim. Indeed, since Choy's claim was "deemed" to have been filed, he was never required to file with the bankruptcy court any supporting evidence of his claim nor any "proof of claim." We mention this as a background circumstance and only in passing, as it is not a factor in our decision.

be allowed (without objection by the trustee) as a general unsecured claim. It further provided that Choy would not seek any recovery from Shamrock, but would look *solely* to proceeds to be recovered from Redland.[7]

The trustee then moved the bankruptcy court to approve the settlement agreement and allow Choy's claim. The notice of motion stated that any interested party could oppose the motion and request a hearing, and that failure to oppose the motion could be deemed consent to the relief requested. The trustee served the notice of motion on Shamrock, Shamrock's bankruptcy counsel, and counsel for both Redland and the attorney defendants as defendants in the state abuse of process action.

The trustee's motion to allow the claim was unopposed. Redland made no appearance in the bankruptcy proceeding and did not oppose the trustee's motion. The bankruptcy court granted the motion and allowed the claim (11 U.S.C. § 502) in February 2001.

Relying on the bankruptcy court's allowance order, the trustee filed this action against Redland, and the attorney defendants, in September 2001.[8] The complaint alleges counts (1) against Redland for breach of contract and breach of the implied covenant of good faith and fair dealing, (2) against the attorney defendants for legal malpractice and breach of fiduciary duty, and (3) against all defendants for fraudulent concealment and constructive fraud.

Specifically, the trustee alleges that (1) Redland unreasonably and in bad faith refused to accept a policy limits offer to settle Choy's personal injury action, (2) the attorney defendants failed properly to advise Shamrock concerning the settlement offer and the opportunity to assign its bad faith cause of action in exchange for a covenant not to execute and acted under a conflict of interest, and (3) Redland and the attorney defendants improperly advised Shamrock to file for bankruptcy in order to protect Redland from liability for a potential excess judgment against Shamrock in the personal injury action. The trustee also alleges that the bankruptcy court's allowance of Choy's $26,225,000 claim constituted a "final judgment" against Shamrock and that Redland is liable to the trustee in that amount.

Redland not only filed an answer to such complaint, but also sued the trustee and Choy in federal district court in October 2001 seeking declaratory

---

[7] The agreement also purported to provide the manner in which Choy and the trustee would share the proceeds of the then pending state abuse of process action against Redland and the defendant attorneys, as well as any subsequent (i.e. bad faith) action against Redland.

[8] There were two other defendants also named in the complaint. They were Acceptance Insurance Company and Berkley Risk Administrators, LLC. Their interests, however, are identical to those of Redland and we therefore refer to all three parties collectively as Redland.

relief regarding the effect and consequences of the bankruptcy court's allowance of Choy's claim (*Redland Insurance Company v. Edward M. Wolkowitz, as Trustee in Bankruptcy, etc.* (C.D.Cal., No. 01-08763)). In its complaint, Redland alleged that the court's order allowing Choy's claim did not constitute a judgment after trial and therefore could not, as a matter of law, support liability for breach of the implied covenant of good faith and fair dealing allegedly arising from Redland's refusal to settle Choy's action within its $500,000 policy limits. Redland also alleged that it had no obligation ·to indemnify Shamrock for whatever liability it may have under the allowed claim because the trustee's actions effectively constituted a breach of the insured's obligations under the policy (1) to "assume no obligation . . . without [Redland's] consent" and (2) to cooperate with Redland in any settlement.[9]

The trustee counterclaimed against Redland in the federal action, for breach of contract, breach of the implied covenant of good faith and fair dealing, and fraudulent concealment. The allegations of that counterclaim are substantially the same as the allegations of the trustee's complaint in the present action that are summarized above.[10] Choy also counterclaimed against Redland for breach of contract and breach of the implied covenant of good faith and fair dealing. The federal action is still pending.[11]

Redland and the attorney defendants demurred to the trustee's complaint in the present action in December 2001. The trial court judicially noticed Shamrock's bankruptcy petition and schedules, and Redland's complaint and Choy's answer and counterclaim in the federal action. The trial court then sustained the demurrers without leave to amend and dismissed the complaint against all defendants with prejudice.

The trial court concluded that (1) the federal declaratory relief action is "another action pending between the same parties on the same cause of action" (Code Civ. Proc., § 430.10, subd. (c)), so the demurrer by Redland

---

[9] Redland also claims in its brief to us that the trustee's actions violated the policy's "no action" clause and as a result, there can be no liability to pay any part of the allowed claim. The policy's "no action" clause provides that "no one" may bring a legal action against Redland under liability coverage *unless* "[*Redland agrees*] *in writing that the 'insured' has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial.* No one has the right under this policy to bring us into an action to determine the 'insured's' liability." (Italics added.) As we explain below, we decide this case on grounds that are independent of any specific policy provision. We thus will have no need to reach or discuss the effect or impact of any of these policy clauses relied upon by Redland.

[10] We have taken judicial notice of the trustee's counterclaim filed in the federal action pursuant to Evidence Code sections 452, subdivision (d) and 459.

[11] We have also taken judicial notice of the order, dated July 14, 2003, of the United States District Court staying the entire federal action pending our decision in this matter.

must be sustained; (2) there is no final judgment in the personal injury action, the bankruptcy court settlement does not constitute a final judgment in the personal injury action, and Shamrock has not suffered any damages as a result of Redland's refusal to settle, so no cause of action against Redland for unreasonable failure to settle that action within policy limits has accrued; (3) Shamrock has not suffered damages as a result of the alleged malpractice and breach of fiduciary duty by the attorney defendants, for the same reasons and because Shamrock's bankruptcy filings state that, in any event, it had insufficient assets to pay any excess judgment; and (4) any allegations concerning a bad faith filing of the bankruptcy petition are preempted by federal law.

The trustee has prosecuted this timely appeal. Choy appears herein as amicus curiae in support of the trustee's position.

## CONTENTIONS

The principal contentions of the trustee are that (1) since Shamrock and Redland received notice of the agreement between Choy and the trustee, as well as the trustee's motion for allowance of the agreed claim, and could have objected but did not, the subsequent bankruptcy court order allowing the claim is a final judgment against Shamrock for which Redland is liable; (2) Shamrock's inability to pay the claim does not relieve Redland of liability for its alleged bad faith refusal to settle; and (3) the complaint can be amended to allege damages against the attorney defendants other than the amount set out in the bankruptcy court's claim allowance order.[12]

Redland and the attorney defendants dispute each of these contentions and argue that settled California law conclusively establishes that the trustee cannot, as matter of law, allege any damages caused by any act of Redland or the attorney defendants. Thus, they contend, the trial court's ruling and judgment were correct.

## DISCUSSION

### 1. Standard of Review

On appeal from a judgment after a demurrer is sustained without leave to amend, we assume the truth of the facts alleged in the complaint, as well as those facts that reasonably can be inferred from those expressly

---

[12] These are not all of the issues raised by the trustee in its brief, but they are the ones upon which our disposition of this case turns, thus making it unnecessary to consider the remaining issues.

pleaded, and the facts of which judicial notice can be taken. We determine de novo whether the complaint states facts sufficient to state a cause of action and does not disclose a complete defense. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]; *Thaler v. Household Finance Corp.* (2000) 80 Cal.App.4th 1093, 1098 [95 Cal.Rptr.2d 779].) We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].)

■ It is an abuse of discretion to sustain a demurrer if there is a reasonable probability that the defect can be cured by amendment. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.) The burden, however, is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action. (*Ibid.*)

2. *In the Absence of an Excess Judgment Determining the Fact and Amount of Shamrock's Liability, Redland Can Have No Liability for Alleged Bad Faith Refusal to Accept a Policy Limits Settlement Offer*

"Implied in every contract is a covenant of good faith and fair dealing that neither party will injure the right of the other to receive the benefits of the agreement. [Citation.]" (*PPG Industries, Inc. v. Transamerica Ins. Co.* (1999) 20 Cal.4th 310, 314 [84 Cal.Rptr.2d 455, 975 P.2d 652].) ■ The implied covenant imposes on an insurer the duty to accept a reasonable settlement offer within policy limits when there is a substantial likelihood of a judgment against the insured exceeding policy limits. (*Kransco v. American Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 401 [97 Cal.Rptr.2d 151, 2 P.3d 1].) An insurer who breaches this duty is liable for all of the insured's damages proximately caused by the breach, regardless of policy limits. (*Hamilton v. Maryland Casualty Co.* (2002) 27 Cal.4th 718, 725 [117 Cal.Rptr.2d 318, 41 P.3d 128] (*Hamilton*); *PPG Industries, Inc. v. Transamerica, Ins. Co., supra,* at p. 315; *Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 661 [328 P.2d 198].) An action for breach of the implied covenant based on the refusal to settle sounds in both contract and tort. (*Johansen v. California State Auto Assn. Inter-Ins. Bureau* (1975) 15 Cal.3d 9, 18 [123 Cal.Rptr. 288, 538 P.2d 744]; see *Hamilton, supra,* at p. 725.)

■ An essential element of a cause of action for breach of the implied covenant based on the refusal to settle is resulting damages. (*Hamilton, supra,* 27 Cal.4th at p. 726.) Damages ordinarily include the entire amount of a judgment after trial, including the amount in excess of policy limits but excluding any punitive damages. (*Id.* at p. 725; *PPG Industries, Inc. v.*

*Transamerica Ins. Co., supra*, 20 Cal.4th at pp. 313, 315; *Comunale v. Traders & General Ins. Co., supra*, 50 Cal.2d at p. 661.)

The California Supreme Court, in *Hamilton*, 27 Cal.4th 718, held that a settlement between the insured and third party claimants that was entered into without the *defending* insurer's consent or participation, and where the insured had no obligation to pay the judgment, was entitled to no weight or effect in an action against the insurer for breach of the contractual duty to settle, even if the settlement was determined to be made in good faith under Code of Civil Procedure section 877.6. (*Hamilton*, at pp. 725, 730.) The *Hamilton* court did not determine that the settlement was collusive and stated that its holding did not depend on such a finding. (*Id.*, at p. 730.) Rather, the court concluded that a settlement entered into in those circumstances provided no reliable basis to establish damages proximately caused by the refusal to settle. (*Id.* at pp. 725–727, 730.)

Until a judgment has been entered against the insured after a trial, there is no assurance that the insured will suffer any damage from the insurer's breach of its implied obligation to accept a reasonable settlement offer. As *Hamilton* put it, "where the insurer has accepted defense of the action, no trial has been held to determine the insured's liability, and a covenant not to execute excuses the insured from bearing any actual liability from [a] stipulated judgment, the entry of a stipulated judgment is insufficient to show, even rebuttably, that the insured has been injured to *any* extent by the failure to settle, much less in the amount of the stipulated judgment." (*Hamilton, supra*, 27 Cal.4th at p. 726.) Similarly, in *Safeco Ins. Co. v. Superior Court* (1999) 71 Cal.App.4th 782 [84 Cal.Rptr.2d 43], the court stated, "[i]f the insurer declines to settle and decides to go to trial and then obtains a judgment below the settlement offer or obtains a complete defense verdict, then the insured would have no cause to complain, and the insurer would have no liability. Until judgment is actually entered, the mere possibility or probability of an excess judgment does not render the refusal to settle actionable. [Citations.]" (*Id.* at p. 788, fn. omitted.)

The *Hamilton* court explained that a good faith determination, under Code of Civil Procedure, section 877.6, did *not* amount to a judicial finding that the insured was actually liable in the agreed amount because (1) there was no evidentiary hearing to determine the insured's liability, (2) the settlement resulted from negotiation rather than factfinding, and (3) the purpose of a good faith determination is to ensure that the settling tortfeasor pay no less than its proportionate share of liability, while the insurer's concern is that the insured pay no more than its share. (*Hamilton, supra*, 27 Cal.4th at pp. 729–730.) The court noted that the settlement was premised not on the insured's agreement to pay the settlement amount—the insured did not agree

to pay that amount and received a covenant not to execute—but on the claimants' potential recovery from the insurer. (*Id.* at p. 730.) The court also noted that the insurer would have risked further liability for acting against the interest of its insured if it had opposed the settlement. (*Ibid.*)

In addition, the *Hamilton* court stated that to determine the insured's actual liability on the claim within the trial of the bad faith action would create a strong likelihood of undue prejudice against the insurer due to evidence of insurance coverage. (*Hamilton, supra*, 27 Cal.4th at p. 734; cf. *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 311–312 [250 Cal.Rptr. 116, 758 P.2d 58]; see Evid. Code, § 1155.) The court noted that the preferred course of action for the insured, in lieu of settling with the claimant, was to assign to the claimant, before trial in the underlying action, the bad faith cause of action against the insurer in exchange for a covenant not to execute. (*Hamilton, supra*, at pp. 732, 734.) This would ensure a reliable judicial determination of the insured's liability for purposes of a later bad faith action and eliminate the insured's exposure to an excess judgment. (*Ibid.*; cf. *Moradi-Shalal v. Fireman's Fund Ins. Companies, supra*, at pp. 311–313.) The *Hamilton* court concluded that without a judicial determination of the insured's actual liability, the claimants as assignees could not establish either that the insured was damaged as a result of the insurer's refusal to settle or the amount of damages. (*Hamilton, supra*, at p. 726.)

One final point should be made. "Where, as here, [an] insured, without [an] insurer's agreement, stipulates to a judgment against it in excess of both the policy limits and the previously rejected settlement offer, and the stipulated judgment is coupled with a covenant not to execute, the agreed judgment cannot fairly be attributed to the insurer's conduct, *even if the insurer's refusal to settle within the policy limits was unreasonable.*" (*Hamilton, supra*, 27 Cal.4th at p. 731, italics added.) Thus, it does not matter whether the claim that is asserted against the insurer to recover on an agreed or stipulated judgment is based on an alleged breach of contract, as was the case in *Hamilton* (*id.* at p. 725) or, as is the case here, a claim of tortious bad faith. (See *Mercado v. Allstate Ins. Co.* (9th Cir. 2003) 340 F.3d 824, 826–827.)

Dismissing the lessons of *Hamilton, supra*, 27 Cal.4th 718, the trustee here seeks to recover damages against Redland in the amount of Choy's claim under the order allowing that claim. He contends the bankruptcy court order allowing the $26,225,000 claim is a final judgment of Shamrock's liability and conclusively determines that issue. He cites opinions holding that if the bankruptcy court formally allows a claim or the claim is deemed allowed because there was no objection, the debtor and parties in privity with the debtor are bound by that determination and are precluded by res judicata from relitigating the issue in another action against the creditor (*Nathanson v.*

*Hecker* (2002) 99 Cal.App.4th 1158, 1163–1166 [121 Cal.Rptr.2d 773]; *Siegel v. Federal Home Loan Mortg. Corp.* (9th Cir. 1998) 143 F.3d 525, 529–530). In our view, those cases are of no help to the trustee.

The question before us is not whether Shamrock is bound by the claim allowance under principles of res judicata or collateral estoppel. The trustee does not contend Redland was in privity with Shamrock; indeed, the interests of Shamrock and Redland in this context clearly were adverse.[13] The question here is whether the order allowing the claim constitutes a judicial determination of Shamrock's liability that accurately reflects Shamrock's actual liability to Choy and provides a reliable basis to establish damages proximately caused by Redland's refusal to settle. (*Hamilton, supra,* 27 Cal.4th at pp. 725–727, 730.) We conclude that the clear answer to this question is that it does not.

The bankruptcy court did not determine the validity and amount of Choy's claim after a contested evidentiary hearing. Rather, the bankruptcy court simply granted the trustee's unopposed motion to allow Choy's claim. The trustee not only made no objection to that claim, but in fact moved the bankruptcy court to allow it for the clear purpose of "benefiting" the estate by creating a basis for suing Redland for bad faith. This agreement also potentially benefited the bankruptcy estate by allowing it to claim a share in the proceeds of a possible judgment or settlement in the then pending state abuse of process action. Quite obviously, the agreement between Choy and the trustee was not premised on the expectation that Shamrock or the bankruptcy estate would ever pay Choy's claim, but rather entirely upon a potential recovery from Redland, Shamrock's insurer, which recovery would be shared in some agreed ratio. As with the "good faith" settlement in *Hamilton, supra,* 27 Cal.4th at page 730, the bankruptcy court's order was not a judicial finding that Shamrock was actually liable to Choy in the agreed amount. This is true regardless of the preclusive effect that the allowed claim may have in some other context. Under the cases relied on by the trustee, the claim allowance order may well be binding on Shamrock; *but it is not binding on Redland.*

▉ A liability insurer has no obligation to appear in bankruptcy court on its own behalf and in its own name to object to a claim against an insured debtor. An insurer's obligation under a liability insurance policy is to defend and indemnify the insured in accordance with the provisions of the policy. If

---

[13] It is well settled that a *defending* insurer has the right to control the defense of a claim asserted against its insured and ordinarily, is not bound by any settlement of that claim made without its consent. (See Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2002) ¶¶ 12:466–12:467, p. 12B-68.) Obviously, the actions of the trustee and Choy created a conflict between Redland and Shamrock.

the insured elects to not oppose or defend against a bankruptcy claim and the bankruptcy trustee agrees with the claimant that the claim should be allowed, the insurer has no obligation to object to the claim on its own behalf. Indeed, we have been provided with no legal authority demonstrating that Redland would even have had standing to do so. Under the principles set out in *Hamilton, supra,* 27 Cal.4th 718, Redland could neither be bound nor prejudiced by a consensual allowance of the claim; moreover, for Redland to have advanced any objection might well have prejudiced the interests of Shamrock and subjected Redland to extracontractual liability. In short, we can see no meaningful distinction whatever between the settlement entered into in *Hamilton* and the agreement reached by the trustee in this case to have the bankruptcy court allow Choy's claim.

■ For all of the reasons articulated in *Hamilton,* a bankruptcy court allowance of a claim does not provide sufficient assurance that a stipulated claim, approved without objection and *without a contested evidentiary hearing,* will accurately or reliably reflect the debtor's actual liability on the claim. We therefore conclude that for purposes of an action against the debtor's insurer based on an unreasonable refusal to settle, the bankruptcy court's approval of an uncontested claim without an evidentiary hearing provides no reliable basis to establish damages resulting from the refusal to settle.

The trustee has thus alleged no damages caused by Redland's refusal to settle other than the amount of the allowed claim and has not shown how he could amend the complaint to allege any other damages. Since, as we have explained, the allowed claim can provide no reliable basis to establish damages in any amount, the complaint does not properly allege damages *resulting from the refusal to settle.* We therefore conclude that Redland's demurrer was properly sustained on the ground of a failure to state a cause of action. In light of that conclusion, we need not address the other grounds and reasons to sustain the demurrer cited by the trial court.

3. *The Trial Court Properly Sustained the Demurrer of the Attorney Defendants With Respect to the Counts for Legal Malpractice and Breach of Fiduciary Duty*

The trial court also held that the complaint does not allege damages resulting from the attorneys' alleged malpractice and breach of fiduciary duty for the same reasons that the complaint does not allege damages resulting from Redland's refusal to settle, including that the bankruptcy court settlement cannot establish resulting damages as a matter of law. Although the trustee asserted at oral argument that he could allege damages other than the amount of the allowed claim, he has provided no specific examples of such

damages. Moreover, the undisputed and judicially noticed record demonstrates that Shamrock did not have sufficient assets to pay any judgment in excess of Redland's policy limits. Indeed, it shows that Shamrock had been out of business and insolvent nine months before filing for bankruptcy with preexisting unsecured debt of nearly $100,000 and nonmonetary assets of only $2,100.

Based on such judicially noticed circumstances, the trial court concluded that even if a judgment had been entered in excess of policy limits in Choy's personal injury action, Shamrock's preexisting insolvent status establishes that it suffered no compensable harm from any act or omission by the attorney defendants.

The trial court's ruling was thus correct. The demurrer of the attorney defendants was properly sustained without leave to amend.

### 4. *The Trustee Has Not Shown Error as to the Remaining Counts*

The trial court concluded that the counts for fraudulent concealment and constructive fraud are "legally untenable" for the same reasons that the other counts are legally untenable, including that the bankruptcy court settlement cannot establish resulting damages as a matter of law. The trustee does not mention the counts for fraudulent concealment and constructive fraud in his appellate briefs or explain why our analysis of those counts should differ from our analysis of the other counts. We therefore conclude that the trustee has not shown any error in the trial court's ruling on those two causes of action.

## DISPOSITION

The judgment is affirmed as to dismissal of the complaint against both Redland and the attorney defendants. Redland and the attorney defendants are entitled to their costs on appeal.

Kitching, J., and Aldrich, J., concurred.

A petition for a rehearing was denied October 15, 2003, and appellant's petition for review by the Supreme Court was denied December 10, 2003.