Filed 10/10/14  Kerrigan v. Coldwell Banker Residential Brokerage CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JOHN KERRIGAN, | B250939 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No.  BC489771) |
| v. | |
| COLDWELL BANKER RESIDENTIAL BROKERAGE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Richard L. Fruin, Judge.  Affirmed.

John Kerrigan, in propria persona.

Halling / Meza LLP, Chris W. Halling and William G. Lieb for Defendants and Respondents.

_____

John Kerrigan appeals from the judgment entered after the trial court sustained without leave to amend the demurrers of Coldwell Banker Residential Brokerage Sunset Strip, broker Francine Hughes, and salesman Neal Baddin in this action for breach of an agreement to arbitrate a real estate commission dispute. We affirm under principles of collateral estoppel because a judgment in an earlier action determined that Kerrigan did not have a valid contractual claim to any commission from respondents.[1]

## FACTS AND PROCEDURAL HISTORY

In April 2006 Coldwell Banker Residential Brokerage Sunset Strip (Coldwell) received a $615,000 commission for representing the buyer in the purchase of a $30 million Malibu estate. In October 2006, real estate broker Mirzo International, Inc. (Mirzo) and its sales agent, appellant John Kerrigan, filed an arbitration complaint against Coldwell and the seller's agent, Hilton & Hyland Real Estate (Hilton), alleging that Kerrigan had been the procuring cause of the sale due to his previous representation of the buyer.[2] The arbitration complaint was filed with the Beverly Hills/Greater Los Angeles Association of Realtors (the Association) because all the parties were members of that organization, which obligated them to arbitrate their dispute. Coldwell filed a written response to the complaint, acknowledging its agreement to arbitrate the dispute under the Association's rules.

In January 2008 Mirzo declared bankruptcy and its arbitration commission claim became listed as an account receivable in its schedule of personal assets. In April 2008

---

[1] The trial court also sustained without leave to amend separate demurrers by defendants Beverly Hills/Greater Los Angeles Association of Realtors and Hilton & Hyland Real Estate. Kerrigan attempted to appeal from the concomitant judgments of dismissal from those orders, but we dismissed his appeal as to those parties because his notice of appeal was expressly limited to the judgment for Coldwell.

[2] Kerrigan apparently worked for a different broker when he showed the buyer the Malibu property. The parties have not addressed whether that affected Mirzo's right to a broker's commission.

2

the bankruptcy trustee agreed to sell Mirzo's rights in that claim to Coldwell and Hilton for $50,000. That purchase was approved by the bankruptcy court in May 2008, and in June 2008 Coldwell and Hilton filed a joint dismissal of the arbitration. In August 2008 the Association decided not to schedule an arbitration and considered the matter closed because Mirzo, as the broker employing Kerrigan, was a necessary party to the claim, and Mirzo's claim was no longer pending as a result of Coldwell and Hilton's dismissal.

In April 2008 Kerrigan sued Coldwell for intentional interference with contract and prospective economic advantage, alleging that Coldwell wrongfully interfered with his right to the commission from the sale of the Malibu property.[3] In September 2010, the trial court granted summary judgment for Coldwell after finding that Kerrigan's claims were barred because: (1) as a licensed sales agent, Kerrigan could only receive a commission through his broker (Bus. & Prof. Code, § 10137); (2) there was no valid written contract between Kerrigan and the buyer of the Malibu property, as required by Civil Code section 1624, subdivision (a)(4); and (3) the buyer had terminated his relationship with Kerrigan and therefore Coldwell did not interfere with an existing prospective economic relationship.

Kerrigan appealed, but the judgment was affirmed by our colleagues in Division Four. (*Kerrigan v. Coldwell Banker Residential Real Estate Company* (Dec. 21, 2011, B229148) [nonpub. opn.] (*Kerrigan I*).) The *Kerrigan I* court expressly held that Kerrigan had no right to compensation under Civil Code section 1624 because the undisputed facts showed he did not have a written agreement with the buyer.

In August 2012, Kerrigan filed this action against Coldwell, Hilton, the Association, and several individual defendants associated with those entities, for breach of contract and breach of the implied covenant of good faith and fair dealing based on

---

[3] He also sued Coldwell broker Francine Hughes and salesman Neal Baddin. Unless otherwise indicated, when we refer to Coldwell we include both Hughes and Baddin.

3

their dismissal of the arbitration complaint that he and Mirzo filed in 2006.[4] Kerrigan alleged that he was entitled to damages of at least $615,000, which was the amount of commission he could have recovered if the arbitration had proceeded.

In June 2013 the trial court sustained without leave to amend Coldwell's demurrer to the complaint because the decision in *Kerrigan I* necessarily determined that Kerrigan did not have a valid contract that could have been enforced at arbitration. Kerrigan appeals from the judgment of dismissal entered for Coldwell.

## STANDARD OF REVIEW

In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiff-appellant. Regardless of the label attached to the cause of action, we must examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. (*Black v. Department of Mental Health* (2000) 83 Cal.App.4th 739, 745.)

We will not, however, assume the truth of contentions, deductions, or conclusions of fact or law and may disregard allegations that are contrary to the law or to a fact which may be judicially noticed. When a ground for objection to a complaint, such as the statute of limitations, appears on its face or from matters of which the court may or must take judicial notice, a demurrer on that ground is proper. (Code Civ. Proc., § 430.30, subd. (a); *Black v. Department of Mental Health, supra,* 83 Cal.App.4th at p. 745.) We may take judicial notice of the records of a California court. (Evid. Code, § 452, subd. (d).) We must take judicial notice of the decisional and statutory law of California and the United States. (Evid. Code, § 451, subd. (a).)

---

**4** The Association and its related individual defendants were also sued for breach of fiduciary duty.

**DISCUSSION**

1.  *The Demurrer Was Properly Sustained Due to the Collateral Estoppel Effect of* Kerrigan I

Under California law, only a licensed real estate broker can collect a commission from the sale of real property.  As a result, an agent can contract only in the name of his broker and can recover his commission only through his broker.  (Bus. & Prof. Code, § 10137; *Edmonds v. Augustyn* (1987) 193 Cal.App.3d 1056, 1063, fn. 7.)  Once Coldwell and Hilton acquired broker Mirzo's claim, they dismissed the arbitration complaint, at least as to Mirzo.  Even though Kerrigan remained as a nominal party, only Mirzo possessed the right to directly recover a commission.  The Association therefore dismissed the arbitration for lack of an indispensable party and declined to schedule the matter for arbitration.[5]

As best we can tell from Kerrigan's appellate briefs, he contends that the trial court erred by taking judicial notice of *Kerrigan I* and misapplied the collateral estoppel doctrine because the enforceability of his commission claim was completely separate from the misconduct alleged in this action – Coldwell's failure to live up to its contractual obligation to arbitrate under the Association's rules through its deceptive acquisition and subsequent dismissal of broker Mirzo's arbitration claim.[6]

---

[5]     The Association's rules gave it express discretion to decline an arbitration if the Association believed the matter was too complex, involved too large a sum of money, or it "otherwise determine[d] that the matter is not subject to arbitration through the Association for any reason."

[6]     Kerrigan also contends that his contractual right to demand arbitration survived Mirzo's bankruptcy because:  (1)  Mirzo's owner, Silva Mirzoian, was the responsible broker, not the corporation, and he was ready and willing to arbitrate; and (2)  because the bankruptcy court order approving the sale stated it had no effect on Kerrigan's right to pursue claims against Coldwell.

As to the first, we note that a corporation such as Mirzo may be a licensed broker. (Bus. & Prof. Code, §§ 10006, 10131; *Estate of Baldwin* (1973) 34 Cal.App.3d 596, 604.) Although the arbitration complaint was signed by Silva Mirzoian as the responsible broker, he listed Mirzo as his firm, and an October 30, 2006, letter he wrote to Kerrigan

5

Although Coldwell contends it did nothing more than settle a claim that had no merit, we understand Kerrigan believes Coldwell unfairly deprived him of an arbitration claim.[7] Regardless of how one might view that transaction, Kerrigan had no right to a commission absent a written contract with the buyer. (Civ. Code, § 1624, subd. (a)(4); *Phillippe v. Shapell Industries* (1987) 43 Cal.3d 1247, 1255-1257; *Hasekian v. Krotz* (1968) 268 Cal.App.2d 311, 318.) That no such contract exists has been finally determined in *Kerrigan I*, a finding that may not be relitigated here under principles of collateral estoppel. (*Shopoff & Cavallo LLP v. Hyon* (2008) 167 Cal.App.4th 1489, 1516-1517 [prior final judgment that contract was invalid and unenforceable applied in subsequent action].)

Resulting damages is an essential element of causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. (*Thrifty Payless, Inc. v. The Americana at Brand, LLC* (2013) 218 Cal.App.4th 1230, 1244 [breach of contract]; *Wolkowitz v. Redland Ins. Co.* (2003) 112 Cal.App.4th 154, 162 [implied covenant].) If Kerrigan had no contractual right to a commission, then he could

---

states that the complaint was filed by Mirzo. In any event, Silva Mirzoian has never challenged the dismissal of the arbitration. As to the bankruptcy court order's statement that Kerrigan retained his right to pursue his claims against Coldwell and Hilton, Kerrigan's right to do so does not mean that his claims were valid. As set forth below, they were not because there was no written agreement with the buyer. (Civ. Code, § 1624, subd. (a)(4).) The same is true as to both Mirzo and Silva Mirzoian, making irrelevant the dispute over which one was the responsible broker.

To the extent Kerrigan contends he raised any other issues, we deem them waived for failure to provide appropriate citations to the record or relevant case authority. (*Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1374.)

[7] Kerrigan points to the bankruptcy court's deletion from the proposed order of a finding that the court found "no evidence to contradict the conclusion that the sale of the Property to [Coldwell and Hilton] was done in 'good faith' as defined in Section 363(m) of the Bankruptcy Code," suggesting that the court thought the transaction was not made in good faith. However, a finding of good faith by the purchaser was required before the sale could be approved (11 U.S.C. § 363(b)(1); *In re JL Bldg., LLC* (2011) 452 B.R. 854, 859.) As a result, we view the bankruptcy court's deletion of the proposed language as nothing more than a recognition that there was some evidence of bad faith, not that bad faith in fact existed.

have never prevailed had the arbitration with Coldwell gone forward. We understand the distinction Kerrigan makes between his right to recover a commission and breach of an agreement to arbitrate a dispute over that commission, but he still must show he was damaged by the breach. Of what value is the right to arbitrate a dispute you are pre-ordained to lose? None that we know of. Kerrigan has never articulated a basis for damages except for the alleged loss of his right to arbitrate, and we discern none.

2.      *Kerrigan Cannot Amend the Complaint to Seek Specific Performance*

Kerrigan also contends that the trial court erred by denying his motion to amend the complaint to delete the prayer for damages and effectively convert it into an action for specific performance that would command Coldwell to arbitrate the dispute.[8] This issue dovetails with another trial court finding in regard to Coldwell's demurrer – that Kerrigan waived his right to ask the court to vacate the arbitrator's dismissal under Code of Civil Procedure section 1286.2 (section 1286.2).

Section 1286.2 allows a party to ask the court to vacate an arbitration *award* on various grounds. We agree with Kerrigan that this section was not applicable here, where the Association declined to ever schedule an arbitration after Coldwell and Hilton acquired Mirzo's rights to the claim and then dismissed it. As a result, there was no award to vacate.

However, once the Association declined to schedule an arbitration, Kerrigan could have petitioned the court to compel arbitration. (Code Civ. Proc., § 1281.2.) Instead, he chose to sue Coldwell in *Kerrigan I,* and then Coldwell, Hilton, and the Association in

---

[8] That motion was filed in December 2012 in connection with Kerrigan's opposition to Hilton's demurrer, which also raised the collateral estoppel effect of *Kerrigan I*. Hilton & Hyland opposed that motion on the ground that Kerrigan did not give sufficient notice. The motion was denied, but the record does not show why. Although Kerrigan's opposition to Coldwell's demurrer mentioned his request for leave to amend, the record does not contain a proposed amended complaint or a renewed motion for leave to amend. It is therefore arguable that Kerrigan waived the issue. Coldwell does not address the issue, and we choose to reach it on the merits.

7

this action. As a result, he waived his right to compel arbitration under that provision. (*Groom v. Health Net* (2000) 82 Cal.App.4th 1189, 1194-1195.)

Petitions to compel arbitration are in essence suits in equity for specific performance of an agreement to arbitrate a dispute. (*Rosenthal v. Great Western Financial Securities Corp.* (1996) 14 Cal.4th 394, 411.) Enforcement of such agreements has long been provided by statute (*Utah Const. Co. v. Western Pac. Ry. Co.* (1917) 174 Cal. 156, 159, overruled on other grounds in *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 27-28), and shows that the Legislature intended to adopt a "comprehensive all-inclusive statutory scheme applicable to all written agreements to arbitrate," and thereby abolished the doctrines applicable to common law arbitrations (*Downer Corporation v. Union Paving Co.* (1956) 146 Cal.App.2d 708, 712, disapproved on other grounds in *Posner v. Grunwald-Marx, Inc.* (1961) 56 Cal.2d 169, 183 [citation and internal quotation marks omitted]). In short, Kerrigan's only remedy was a petition to compel arbitration. As a result, he may not amend his complaint to specifically enforce his arbitration agreement.[9]

## DISPOSITION

The judgment of dismissal for Coldwell is affirmed. Respondent shall recover its costs on appeal.

RUBIN, ACTING P. J.

WE CONCUR:

FLIER, J.                                                    GRIMES, J.

---

[9]     We disagree with Kerrigan that Coldwell and Hilton's purchase of the arbitration claim in the bankruptcy case was itself a violation of the contractual duty to arbitrate. A purchase is not an act in furtherance or derogation of arbitration. In any event, we reject Kerrigan's argument for another reason: if anything Coldwell and Hilton did in the context of the purchase of the arbitration claim violated their obligation to arbitrate, the remedy was a petition to compel arbitration under Code of Civil Procedure section 1281.2, something Kerrigan never pursued.

8