FILED

NOV 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAULA J. NEGLEY,

        Plaintiff - Appellant,

  v.

JUDICIAL COUNCIL OF CALIFORNIA
and ADMINISTRATIVE OFFICE OF
THE COURTS,

        Defendants - Appellees.

No. 10-16551

D.C. No. 3:08-cv-3690-MHP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Marilyn Patel, District Judge, Presiding

Argued and Submitted October 14, 2011
San Francisco, California

Before: HUG, KLEINFELD, and W. FLETCHER, Circuit Judges.

    Paula Negley appeals the district court's grant of summary judgment against

her on her claims under the California and federal Equal Pay Acts (EPA) and the

California Fair Employment and Housing Act (FEHA).  Negley contends that the

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Adminstrative Office of the Courts (AOC) violated the EPA and FEHA by paying a male co-worker more than her for equal work. Negley also claims that AOC violated FEHA by terminating her and taking other adverse actions against her in retaliation for filing internal complaints and her EPA lawsuit. The district court rejected both claims. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## I.

A prima facie unequal pay claim under the EPA or FEHA requires the plaintiff to provide evidence that her employer (1) paid an individual of the opposite sex more than her (2) for substantially equal work. *See Stanley v. Univ. of S. California*, 178 F.3d 1069, 1074 (9th Cir. 1999); *Green v. Par Pools Inc.*, 111 Cal. App. 4th 620, 623 (Cal. Ct. App. 2003) (holding that the California EPA is substantively identical to its federal counterpart). If the plaintiff succeeds in establishing a prima facie unequal pay claim, the burden shifts to the employer to produce a reason for the difference in pay that is based on a factor "other than sex." *See Stanley*, 178 F.3d at 1075. Once the employer has done so, the burden shifts back to the plaintiff to show the employer's offered reason for the pay difference is a pretext for discrimination. *Id.* at 1076.

Summary judgment was appropriate on Negley's unequal pay claims because she did not present evidence to the district court that AOC paid a male co-

worker more than her for equal work.[1]  While AOC paid male employee David Wolf a higher salary than Negley, Wolf's position as Senior Labor Relations Negotiator (SLRN) was supervisory and entailed significant responsibilities beyond those required of Negley as a Labor Relations Negotiator.  Wolf was the "lead" over a group of at least four other employees and was responsible for business development activities as part of his SLRN position.  These additional SLRN duties distinguish Wolf's and Negley's positions sufficiently that the two are not "substantially equal" for purposes of Negley's prima facie unequal pay claim.  *See id*. at 1074.

Negley does not dispute that AOC assigned Wolf additional duties as SLRN. She contends instead that Wolf's additional duties were not "bona fide."  However, Negley has not presented any evidence to support that bare assertion.  Negley cannot defeat summary judgment simply by stating that she disputes AOC's

---

[1]  AOC has filed a motion to strike large portions of Negley's Excerpts of Record (EOR) and Opening Brief.  Because all the documents contained in Negley's EOR were filed with the district court in this case, we deny the motion to strike.  *See* Fed. R. App. P. 10(a).  However, Negley has waived any arguments raised in her briefs on appeal that she did not present to the district court.  *See Peterson v. Highland Music, Inc.*, 140 F.3d. 1313, 1321 (9th Cir. 1998).  This includes arguments based on facts Negley did not submit to the district court as part of her Opposition to Summary Judgment.  *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001).  Inasmuch as these arguments are waived, they form no part of our analysis below.

evidence. Rather, she must point to evidence on the record that creates a genuine dispute as to a material fact. *See* Fed. R. Civ. P. 56(c). In the absence of any evidence tending to prove that Wolf was not in reality responsible for additional duties as SLRN, there is no dispute about the material factual issue of whether those additional duties were bona fide. The district court was accordingly correct in concluding that Negley did not establish a prima facie claim for unequal pay.

Moreover, Negley has not presented evidence to dispute that the reason AOC paid Wolf a higher salary was that Wolf possessed superior qualifications and experience in labor negotiations. This is a reason "based on [factors] other than sex." *See Stanley*, 178 F.3d at 1075. Thus, Negley's unequal pay claim fails for the additional reason that she has not met her burden of providing evidence to show that AOC's non-discriminatory reason for Wolf's higher salary was pretextual. *See id*. at 1076.

Summary judgment against Negley on her unequal pay claim was proper.

**II.**

The non-retaliation provision of California's FEHA prohibits employers from taking any adverse employment action against an employee for asserting her right to be free from discrimination. *See* Cal. Gov't Code § 12940(h). To assert a prima facie claim for retaliation under FEHA, a plaintiff must show (1) that she

4

engaged in protected activity; (2) that her employer subjected her to some adverse employment action; and (3) that there is a causal link between the first and second elements. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (Cal. 2005). If a plaintiff establishes a prima facie retaliation claim, the burden shifts to the employer to offer a legitimate, non-retaliatory reason for the adverse employment action. *Id.* Once the employer has done so, the burden shifts back to the plaintiff to show that the employer's given reason is a pretext for intentional retaliation. *Id.*

Negley has not made out a prima facie claim for unlawful retaliation. While there is no dispute that Negley's internal complaints to AOC and her initial filing of the EPA lawsuit qualify as protected activities under FEHA, Negley failed to make out the remaining elements of her prima facie retaliation claim. Specifically, Negley did not present evidence to establish a causal link between her protected activity and any particular adverse employment action undertaken by AOC.

Negley alleges that AOC subjected her to a number of adverse employment actions, but the only incident that materially affected the terms of her employment such that it qualifies as an adverse employment action within the meaning of FEHA is Negley's termination from AOC in April 2009. That particular adverse employment action cannot form the basis for Negley's prima facie retaliation claim because Negley has presented no evidence to show that AOC terminated her as a

5

retaliatory response to her internal AOC complaints or EPA lawsuit.[2]

Negley also alleges that, before her termination, AOC supervisors Kenneth Couch and David Wolf provoked her on several occasions in the hopes that she would leave AOC, and she argues that these provocation efforts were adverse employment actions within the meaning of FEHA. Here again, Negley's allegations do not suffice to make out a prima facie retaliation claim because she has failed to establish the "causal link" element of that claim. Even assuming that Couch and Wolf's provocation efforts amounted to a "pattern of antagonism" that could constitute an adverse employment action, Negley did not direct the district court's attention to any evidence showing that the reason for Couch and Wolf's efforts was to retaliate against her for engaging in protected activities. Without evidence to establish that causal link, Negley's retaliation claim fails, and the district court's grant of summary judgment against her was proper.

**AFFIRMED.**

---

[2] We note additionally that Negley's retaliation claim would have failed here even if she had succeeded in making out the prima facie elements because she has not presented evidence to show that AOC's proffered reason for terminating her—that she violated AOC's confidentiality policy—was a pretext for intentional retaliation.