Filed 4/7/15  Gaut v. Fairfield-Suisun Unified School Dist. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOAN GAUT et al.,<br><br>　　　Plaintiffs and Appellants,<br><br>v.<br><br>FAIRFIELD-SUISUN UNIFIED SCHOOL DISTRICT,<br><br>　　　Defendants and Appellant. | A139848<br><br>(Solano County<br>Super. Ct. No. FCS 039321) |

This is an employment discrimination case under California's Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.), in which plaintiffs, four teachers, appeal from a judgment of dismissal following a series of demurrers brought by their employer, the Fairfield-Suisun Unified School District.  We affirm.  An unappealed judgment in an earlier federal case precludes relitigation of plaintiffs' FEHA harassment claim, and plaintiffs have not made sufficient allegations of age discrimination or actionable retaliation for complaining about age discrimination under FEHA.

**BACKGROUND**

In the midst of a heated contract dispute between unionized teachers and their school district, the district "reconstituted"—that is, transferred to other schools—some 42 teachers, including the four plaintiffs in this case, Joan Gaut, Stephanie Cobb, Kenneth Manuel, and Joy McAllister.  Plaintiffs were outspoken in the contract dispute and claim the transfers were "a phony stunt, done primarily to demoralize the teachers and dissipate

1

their willingness to continue their contract dispute." Plaintiffs further contend they, and the others, were selected for transfer because they were over 40 years old—"younger, less experienced teachers with less seniority were not chosen for reconstitution."

In December 2009, plaintiffs sued the district and four of its administrators, Woodraw Carter, Kim Carmichael, Edyie Santomieri, and Gloria Bandy, in the United States District Court for the Eastern District of California. The complaint in that case alleged "employment discrimination, retaliation, and harassment" in violation of the federal Age Discrimination in Employment Act of 1967 (ADEA; 29 U.S.C. § 621 et seq.) (first cause of action) and California's FEHA (second cause of action).

Defendants moved for summary judgment. The federal court found none of the *individual defendants* could face ADEA or FEHA liability, citing *Miller v. Maxwell's International, Inc.* (9th Cir. 1993) 991 F.2d 583, 587 (*Miller*) [term "employer" under ADEA does not extend to individual employees], *Reno v. Baird* (1998) 18 Cal.4th 640, 663 (*Reno*) [supervisors not individually liable under FEHA for discriminatory acts by others], and *Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1164–1165, 1173 (*Jones*) ["nonemployer individuals are not personally liable" for retaliation for complaining about discriminatory acts].)

Additionally, as to the ADEA claim, the court found no evidence of the "but for" causation required for a discrimination claim under that statute. (See *Gross v. FBL Financial Services, Inc.* (2009) 557 U.S. 167, 176.) It dismissed the ADEA claim as to *both* the individual defendants and the district.

Finally, the district court dismissed, without prejudice, the FEHA claim against *the district*, concluding the district was immune from suit in federal court under the Eleventh Amendment (acknowledging the states' common law immunity from suit). (See generally *Freeman v. Oakland Unified School Dist.* (9th Cir. 1999) 179 F.3d 846, 847.) The plaintiffs did not appeal from the federal court judgment.

2

In February 2012, the same four plaintiffs filed the instant law suit in state court against only the district and solely under the FEHA. Six months later, in August 2012, plaintiffs filed an amended complaint adding a cause of action on behalf of plaintiff Manuel, alone, for wrongful discharge.

The amended complaint, however, was short on specifics, and the district demurred. The trial court separately considered the three types of FEHA violations alleged: discrimination, retaliation, and harassment.[1] As to age discrimination and retaliation for complaining about age discrimination, the trial court sustained the demurrer without leave to amend, on two grounds: (a) res judicata by virtue of the federal judgment, and (b) the alleged transfers were not adverse employment actions as required under the Act. As to harassment, the trial court sustained the demurrer with leave to amend, warning plaintiffs they would need to expand on their "conclusory assertion" of a " 'campaign of hostility and harassment.' " The trial court similarly sustained the demurrer with leave to amend as to the wrongful discharge claim.

Plaintiffs filed a second amended complaint with additional allegations pertaining to Manuel—that he was retaliated against because "he wrote a stiff criticism of the administrative approach of the Defendants," because of "his vocal advocacy for equal

---

[1] Government Code "[s]ection 12940, part of the FEHA, begins, 'It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California : . . .' Several subdivisions follow, defining various unlawful employment practices. One unlawful employment practice is for an employer to engage in specified kinds of discrimination. (Subd. (a).) Another, the one involved in this case, is '[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part.' (Subd. (h).) This form of unlawful employment practice is often called simply 'retaliation.' [Citation.] Another unlawful employment practice is harassment. (Subd. (j).)" (*Jones*, *supra*, 42 Cal.4th at pp. 1161–1162.)

educational opportunities for the students," and because he protested a review he received from one of the individual defendants. On one occasion, one of the individual defendants allegedly referred to Manuel as "old" in the context of the disputes over the union contract and educational approaches.

The remaining plaintiffs similarly alleged they were given a hard time by district administrators because of disagreements over the "cross-tracking" class attendance policy, the "America's Choice" school improvement program, class sizes, the value of music teachers, and the wisdom of the "reconstitution program" (without reference to its apparent disproportionate effect on older teachers). One of these plaintiffs, McAllister, alleged she was once referred to by one of the individual defendants as " 'old' in a derogatory fashion" and was once told "in the past" that "people her age should not be teaching."

The district again demurrered and filed a motion to strike. The trial court concluded plaintiffs' expanded allegations were still insufficient to state a FEHA harassment claim or wrongful discharge claim and sustained the demurrer without leave to amend, ruled the motion to strike moot, and entered judgment in favor of the district.

Both plaintiffs and the district appealed from the judgment.[2]

## DISCUSSION

A demurrer tests a complaint's sufficiency. (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.) If a trial court dismisses an action after sustaining a demurrer without leave to amend, our standard of review is de novo, and we ask whether the complaint, assuming the truth of its properly pleaded allegations, states a cause of action as a matter of law. (*Ibid.*) We "may affirm 'on any grounds stated in the demurrer, whether or not the [lower] court acted on that ground.' [Citation.]

---

[2] As we discuss, *infra,* the district's purported "cross-appeal" arguing alternative grounds for *affirmance* was unnecessary and unduly complicated the appeal.

4

' "[I]t is the validity of the court's *action,* and not of the *reason* for its action, which is reviewable." ' " (*Small v. Fritz Companies, Inc.* (2003) 30 Cal.4th 167, 201.)

When leave to amend has been denied, we ask whether " 'there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 (*Zelig*).)

***Plaintiffs' FEHA Harassment Claim Is Barred by Collateral Estoppel***

In furtherance of judicial comity, federal law governs the preclusive effect of federal court orders.  (*Nathanson v. Hecker* (2002) 99 Cal.App.4th 1158, 1163; *Taylor v. Sturgell* (2008) 553 U.S. 880, 891.)  "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.' " (*Taylor v. Sturgell*, *supra*, 553 U.S. at p. 892.)  With "claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'  [Citation.]  Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." (*Ibid.*)  "[T]hese two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.' " (*Ibid.*)  Where, as here, preclusion hinges on interpretation of records in court proceedings and there are no disputed material facts, our review is de novo. (*Littlejohn v. United States* (9th Cir. 2003) 321 F.3d 915, 919; accord, *Roos v. Red* (2005) 130 Cal.App.4th 870, 878.)

Under the doctrine of issue preclusion, "a party is precluded from relitigating an issue if four requirements are met:  (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom [issue preclusion or] collateral

5

estoppel is asserted was a party to or in privity with a party in the previous action." (*Wolfson v. Brammer* (9th Cir. 2010) 616 F.3d 1045, 1064; accord, *People v. Garcia* (2006) 39 Cal.4th 1070, 1077 [enumerating similar factors under California law].)

As noted, the federal court rejected individual liability under both the ADEA and FEHA. Only employers, not individual employees, face liability under the ADEA or FEHA for "discrimination" and "retaliation." (*Miller*, *supra*, 991 F.2d at p. 587; *Reno*, *supra*, 18 Cal.4th at p. 663; *Jones*, *supra*, 42 Cal.4th at p. 1173.) When it comes to claims of "harassment," however, individuals *can be liable* under FEHA. (*Jones, supra*, at pp. 1164–1165.) Thus, for the federal court to have granted summary judgment for the individual defendants on the harassment prong of the FEHA claim, it implicitly concluded, as defendants had argued in their summary judgment moving papers, there was no evidence raising a triable issue of harassment.

Final judgment was entered against plaintiffs in federal court and in favor of the individual defendants, and that judgment was on the merits (the Eleventh Amendment dismissal without prejudice was only as to the district), and plaintiffs did not appeal that judgment.

The harassment claim in this action is based on the same alleged actions by the same individuals sued in the federal case, and concerns the same alleged wrongful school transfers and the same contract dispute. Plaintiffs are therefore barred from proceeding on that same claim, now advanced against the district, by the doctrine of collateral estoppel. And since plaintiffs have alleged no other basis for their harassment claim against the district, the trial court properly sustained the district's demurrer to this claim.[3]

---

[3] As we have stated, that the trial court did not sustain the district's demurrer to the harassment claim on this ground is immaterial. Indeed, the trial court erred in rejecting the district's collateral estoppel defense as to this claim.

6

***Plaintiffs Failed to Adequately Allege FEHA Discrimination and Retaliation Claims***

Under FEHA, "an employee seeking recovery on a theory of unlawful discrimination or retaliation must demonstrate that he or she has been subjected to an adverse employment action that materially affects the terms, conditions, or privileges of employment, rather than simply that the employee has been subjected to an adverse action or treatment that reasonably would deter an employee from engaging in the protected activity." (*McRae v. Department of Corrections & Rehabilitation* (2006) 142 Cal.App.4th 377, 386 (*McRae*).) Moreover, for a discrimination or retaliation claim under FEHA, there must be a "causal link . . . between the protected activity and the employer's action." (*Ibid.*)

Allegations of transfers to undescribed "other schools" do not adequately allege adverse employment actions. (*McRae*, *supra*, 142 Cal.App.4th at p. 393 ["A transfer can be an adverse employment action when it results in substantial and tangible harm. A transfer is not an adverse employment action when it is into a comparable position that does not result in substantial and tangible harm. [Citations.] A transfer is not an adverse action simply because the plaintiff finds it to be 'personally humiliating.' "].) Accordingly, plaintiffs have not sufficiently alleged a requisite adverse employment action and their FEHA discrimination and retaliation claims based on the "reconstitution" of the district's schools fails.

That leaves only Manuel's alleged constructive discharge and what plaintiffs term a "campaign of hostility" as the basis for their claims of age discrimination and retaliation for complaining about age discrimination. However, even assuming a discharge and an ongoing course of hostile conduct could be actionable in the appropriate circumstances (see *Kelley v. The Conco Companies* (2011) 196 Cal.App.4th 191, 210), the district's actions and supposed campaign, as plaintiffs themselves repeatedly alleged in both their first and second amended complaints, arose not as the result of discrimination on the basis of age or retaliation for complaining about age discrimination, but because of

7

heated disagreements over union contracts and school policies. Indeed plaintiffs, in their opening brief on appeal, admit, parroting their pleadings, that the "campaign of hostility" was "due to the exercise of their rights to participate in union activities, oppose legal violations by [the district] . . . , file grievances, and participate in hearings"—age discrimination or complaining about such discrimination is nowhere mentioned.

Discrimination or retaliation because of union activities or policy disagreements are not actionable under FEHA. (*McRae*, *supra*, 142 Cal.App.4th at pp. 383, 390; accord, *Negley v. Judicial Council of California* (9th Cir. 2011) 458 Fed.Appx. 682, 685 ["Even assuming [the] . . . provocation efforts amounted to a 'pattern of antagonism' that could constitute an adverse employment action, Negley did not direct the district court's attention to any evidence showing that the reason for [the] . . . efforts was to retaliate against her for engaging in protected activities."]; *Williams v. Holiday Inn* (N.D.Cal. Mar. 13, 1996, No. C-95-0832 MHP) 1996 WL 162992 [FEHA does not "create[] a private cause of action for individuals aggrieved pursuant to union activity. The suspect classes protected under the FEHA are limited to race, religion, color, national origin, ancestry, physical handicap, medical condition, marital status, sex or age."].)

In their *second* amended complaint after the FEHA discrimination and retaliation claims had *already been dismissed without leave to amend*, plaintiffs alleged several vague, isolated "age" comments by one of the individual defendants, Santomieri—he once allegedly told Manuel he was "old" and once allegedly told McAllister she was "old" and "people her age should not be teaching." These comments, however, were not alleged as part of any cognizable adverse employment action; indeed, no context or timeframe was alleged. At best, these alleged comments were stray remarks that neither alone nor taken with other alleged facts tended to show a FEHA violation. (See *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 231 ["stray remarks that are unconnected to employment decisionmaking" unactionable]; *ibid.* [FEHA "does not prohibit discrimination 'in the air' "]; *Horn v. Cushman & Wakefield Western, Inc.* (1999)

8

72 Cal.App.4th 798, 810 [" 'single, isolated discriminatory comment' by plaintiff's immediate supervisor was insufficient"]; cf. *McRae*, *supra*, 142 Cal.App.4th at pp. 386, 392–393 [humiliating comments or being put in an uncomfortable situation with a coworker is not sufficient; workplace is not "idyllic retreat"].)  Further, as we have recited, plaintiffs repeatedly alleged the motivation for the district's conduct was *not* age, but union and policy disputes.

Accordingly, the trial court also properly sustained the district's demurrer to plaintiffs' FEHA age discrimination and retaliation claims.  And given plaintiffs' continued inability to articulate an actionable adverse employment action connected to age discrimination or retaliation for complaining about age discrimination, the trial court's denial of leave to amend was also proper.  (*Zelig*, *supra*, 27 Cal.4th at p. 1126 [burden is on plaintiffs to show reasonable possibility that defect can be cured].)

***Plaintiff Manuel Failed to State a Claim for Constructive Discharge***

In the second cause of action, plaintiff Manuel alleged "[a]s a result of the [alleged] violations of FEHA," he "suffer[ed] wrongful discharge from his employment.

"In order to sustain a claim of wrongful discharge in violation of fundamental public policy" a plaintiff "must prove that his dismissal violated a policy that is (1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision." (*Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1256, fns. omitted.)

Since Manuel's FEHA claim fails for the reasons we have discussed above, so too does "his claim for wrongful termination in violation of public policy."  (*Hanson v. Lucky Stores, Inc.* (1999) 74 Cal.App.4th 215, 229; see also *Reno*, 18 Cal.4th at p. 663 ["Our conclusion that individual supervisors may not be sued under the FEHA applies likewise to this cause of action" for wrongful termination.]; accord, *Department of*

9

*Fair Employment & Housing v. Lucent Technologies, Inc.* (9th Cir. 2011) 642 F.3d 728, 749.)

### *The District Improperly Cross-Appealed*

As noted above, the district filed a "cross-appeal" urging an alternative basis for affirming the judgment of dismissal, namely that even if age discrimination partially motivated the district's actions, the district would have made the teacher transfers in any event for lawful reasons, thus depriving plaintiffs of a monetary remedy. (See *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 241 ["If the employer proves by a preponderance of the evidence that it would have made the same decision for lawful reasons, then the plaintiff cannot be awarded damages, backpay, or an order of reinstatement."].)

However, no cross-appeal is necessary to raise an alternative basis for *affirmance*. (*State Water Resources Control Bd. Cases* (2006) 136 Cal.App.4th 674, 828 & fn. 61.) Moreover, the district's prosecution of its purported cross-appeal resulted in unnecessary, additional briefing and needlessly complicated these proceedings. It also unfairly gave the district, as respondent, the final brief on appeal, to which it was not entitled.

Given our disposition of the plaintiffs' appeal, the district's purported cross-appeal is dismissed as moot.

### DISPOSITION

The judgment is affirmed. Each party to bear its own costs on appeal.

_____
Banke, J.

We concur:


_____
Humes, P. J.


_____
Margulies, J.